DECISION AND JUDGMENT ENTRY
{¶ 1} Sylvia Triggs appeals the judgment of the Scioto County Court of Common Pleas, Probate Division, finding that she failed to establish by clear and convincing evidence that she was the common law wife of Delbert C. Perry, and dismissing her application to administer the decedent's estate. Triggs contends that the ineffective assistance of her counsel deprived her of a fair hearing. Because we find that ineffective assistance of counsel is not a basis for reversal in a civil case between individual litigants, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Delbert C. Perry died on November 1, 2001. Silvia Trigg applied for authority to administer his estate, claiming to be his surviving spouse. Delbert Lee Perry, son of the decedent, objected to Triggs' application for authority to administer his father's estate. Thereafter, Perry applied for authority to administer the estate.
 {¶ 3} The trial court conducted a hearing on the competing applications to administer the decedent's estate on February 16, 2004 and June 16, 2004. In an entry dated, October 22, 2004, the trial court noted that the appointment of the fiduciary for decedent's estate turned upon whether Triggs was decedent's surviving, common law spouse. After hearing all of the evidence and viewing all of the exhibits adduced at the hearing, the trial court concluded that Triggs failed to prove, by clear and convincing evidence, that she was the decedent's common law wife. Accordingly, the trial court dismissed her application to administer decedent's estate.
 {¶ 4} Triggs appeals, raising the following assignment of error: "Appellant was denied a fair hearing in that she did not have effective assistance of counsel at the hearing to determine whether or not appellant and the decedent were married under the common law."
 II. {¶ 5} Triggs contends that her trial counsel provided ineffective assistance by failing to present evidence that was essential to satisfy her burden of proving, by clear and convincing evidence, the existence of her common law marriage to decedent. Therefore, Triggs asks this court to reverse the trial court's judgment and remand the cause for further proceedings.
 {¶ 6} This court has previously noted that the Sixth Amendment to the United States Constitution provides a criminal defendant the right to assistance of counsel, which includes the right to effective assistance of counsel. Ashton v. Ashton (June 2, 1992), Ross App. No. 1775, citing, e.g., Strickland v. Washington (1984), 466 U.S. 668, 686; McCann v.Richardson (1970), 597 U.S. 759, 770 at fn. 14. See, also, Carl v. Carl
(July 22, 1999), Ross App. No. 98CA2442. In contrast, there is no generalized right to counsel in a civil action between individual litigants. State ex rel. Jenkins v. Stern (1987), 33 Ohio St.3d 108, 110;Ashton and Carl, citing Roth v. Roth (1989), 65 Ohio App.3d 768, 776.
 {¶ 7} Where there is no right to counsel, there can be no reversal based upon allegations of ineffective assistance of counsel. Perkins v.Breeding (Jun. 29, 1995), Franklin App. No. 94APE11-1605. "[A]ny complaint of ineffective assistance of counsel may only be resolved in a malpractice action." Id., quoting Link v. Wabash RR. Co. (1962),370 U.S. 626, 776. Accord, Jackson v. Jeep Corp. (Jan. 14, 1994), Lucas App. No. L-92-382; Guendelsberger v. Ng (Dec. 30, 1993), Hardin App. No. 6-93-4; Caldwell v. Caldwell (Nov. 2, 1992), Montgomery App. No. 13051;Ashton, supra; Garabedian v. Garabedian (Nov. 19, 1990), Butler App. No. CA90-02-037; Myers v. O'Rourke (Apr. 7, 1988), Cuyahoga App. No. 53576.
 {¶ 8} Based upon the foregoing, we find that Triggs had no right to counsel. Therefore, she is not entitled to reversal based upon her allegations of ineffective assistance of counsel. Accordingly, we affirm the judgment of the trial court.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Probate Division to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.