OPINION
{¶ 1} On July 28, 2006, the domestic relations court granted a final judgment and decree of divorce, terminating the marriage of Lemauel B. Booker and Dora L. Booker-Williams.
 {¶ 2} On August 21, 2006, Dora[1] filed a notice from the *Page 2 
final judgment and decree of divorce. The appeal is docketed as case no. 21752.
 {¶ 3} On August 28, 2006, Lemauel filed a notice of appeal from the final judgment and decree of divorce. The appeal is docketed as case no. 21767.
 {¶ 4} The two appeals by the parties have been consolidated for purposes of our decision on the errors assigned.
 {¶ 5} The parties were married on July 5, 1997. They have two minor children: Lemerial Booker, who was born on June 26, 1995, and Benjamin Booker, who was born on May 30, 1997. The domestic relations court designated Lemauel as the residential parent of both children. Dora was granted rights of visitation. Dora was also ordered to pay monthly child support in the amount of $162 per child.
 {¶ 6} The court ordered Lemauel to pay Dora spousal support at the rate of $550 per month, for a term of thirty-two months, subject to the death of either party or Dora's remarriage or cohabitation. The court retained jurisdiction to modify its spousal support order.
 {¶ 7} The court also divided the parties' separate and marital properties between them and allocated responsibility *Page 3 
for their joint debts.
 {¶ 8} The errors that each party assigns are set out below.
 Case No. 21752 Dora Booker-Williams Appeal
FIRST ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT ERRED IN FAILING TO DESIGNATE THE APPELLANT, DORA BOOKER, AS THE RESIDENTIAL PARENT WHERE THE WEIGHT OF THE EVIDENCE WAS CLEARLY IN HER FAVOR."
 {¶ 10} Though appeals on issues of fact are abolished, App.R. 2, appeals on questions of law may involve challenges to the weight of the evidence on which the trial court relied to render the judgment from which the appeal is taken. R.C. 2505.01(A)(2). Because the lower court's judgment enjoys a presumption of correctness, Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, a party challenging the weight of the evidence on which the court relied must demonstrate that the judgment is against the weight of the evidence; that is, contrary to the greater weight of the credible evidence. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley *Page 4 Construction Co. (1978), 54 Ohio St.2d 279, Syllabus by the Court.
 {¶ 11} In divorce proceedings, the court must allocate the parental rights and responsibilities for the care of the minor children of the marriage, taking into account that which would be in the best interest of the children. R.C. 3109.04(A), (B)(1). In determining the best interests of the children, the court must consider all relevant factors, including any in R.C. 3109.04(F)(1)(a) through (j) that are relevant.
 {¶ 12} The foregoing provisions confer broad discretion on the domestic relations courts in allocating parental rights and responsibilities. An order allocating rights and responsibilities will not be reversed, except for an abuse of that discretion. An abuse of discretion is an attitude that is unreasonable, arbitrary, or unconscionable. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83. "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." AAA Enterprises v.River Place Community (1990), 50 Ohio St.3d 157, 161. *Page 5 
 {¶ 13} When determining the best interest of the child or children in allocating parental rights and responsibilities, in addition to the specific statutory factors in R.C. 3109.04(F)(1), the court should give strong consideration to whether one of the parents was the primary caregiver for the child or children. In re Maxwell (1982),8 Ohio App.3d 302. Dora argues that the trial court abused its discretion when it designated Lemauel as the residential parent of both children, because she had been their primary caregiver.
 {¶ 14} There is evidence that Dora filled the role of primary caregiver in earlier years, and that she left the marital home with both children in January 2004. However, Lemauel took custody of both children in June 2004, and thereafter cared for their needs until the decree of divorce was granted, two years later.
 {¶ 15} There is evidence from which the court could find, as it did, that Lemauel is capable of providing a more secure and stable home for the children than is Dora. The guardian ad litem recommended that Lemauel be designated the residential parent for that reason, and the court followed that recommendation.
 {¶ 16} The domestic relations court did not fail to give strong consideration to which of the two parents had been the *Page 6 
primary caregiver. The court merely found that Lemauel has also fulfilled that role, and that other evidence preponderated in his favor with respect to the best interest of the children, including the fact that he owns his own home, has been attentive to the needs of the two children, and because he is retired, is available to care for the children. Dora, on the other hand, has moved several times and is employed part-time, preventing her being with the two children to the same extent.
 {¶ 17} The court did not ignore the caregiver role Dora played earlier in the marriage. It merely found that Lemauel has played the same role more recently, and that the best interests of the two children are served by designating Lemauel their residential parent. No abuse of discretion is demonstrated.
 {¶ 18} The first assignment of error is overruled.
 {¶ 19} Dora has assigned the same error twice again, in assignments of error Two and Three. They are rendered moot by our decision overruling the first assignment of error, and therefore we need not decide them. App.R. 12(C)(3).
FOURTH ASSIGNMENT OF ERROR {¶ 20} "THE TRIAL COURT ERRED IN AWARDING THE APPELLEE THE CORVETTE." *Page 7 
 {¶ 21} The trial court awarded Dora a 2004 Saturn and a 1991 Cadillac Eldorado. The court awarded Lemauel a 1994 Corvette, a 1994 Chevrolet truck, and a 2000 Jaguar.
 {¶ 22} Dora purchased the Corvette in 1994, prior to her marriage to Lemauel, using her own funds. The vehicle remained titled in Dora's name. Dora argues that the trial court erred when it awarded the Corvette to Lemauel, because it was her separate premarital property, which the court was required to award her. R.C. 3105.171(A)(6)(a), (D).
 {¶ 23} Title to property does not determine whether it is marital or separate. R.C. 3105.171(H). Further, either party may acquire separate property through a gift after the date of the marriage. R.C.3105.171(A)(6)(a)(vii). That reasonably includes a gift from one spouse to the other. If an inter-spousal gift is proved, the "clear and convincing evidence" requirement of R.C. 3105.171(A)(6)(a)(vii), that it was given to but one of the spouses, does not apply.
 {¶ 24} There is evidence that Lemauel drove the Corvette for approximately ten years, and that at Lemauel's fiftieth birthday party, Dora publically announced that her presentation of the Corvette to Lemauel was a gift. Dora denies making the gift, but the trial court found that a gift was made. *Page 8 
 {¶ 25} There is evidence from which the court could reasonably find that the Corvette is Lemauel's separate property, being a gift from Dora. Having made that finding, the court was required to award the vehicle to Lemauel as his separate property. R.C. 3105.171(D). We find no abuse of discretion.
 {¶ 26} The fourth assignment of error is overruled.
 Case No. 21767 Lemauel Booker Appeal
FIRST ASSIGNMENT OF ERROR {¶ 27} "THE TRIAL COURT ERRED IN MAKING INSUFFICIENT FINDINGS ON THE RECORD, AWARDING APPELLEE SPOUSAL SUPPORT, AND AWARDING APPELLEE EXCESSIVE SP0USAL SUPPORT."
 {¶ 28} The court ordered Lemauel to pay Dora spousal support at the rate of $550 per month, for a term of thirty-two months, subject to Dora's death, cohabitation, or remarriage. Lemauel argues that the court abused its discretion by failing to impute income to Dora that she is capable of earning, and by calculating the pension income Lemauel receives from his separate property in determining his ability to pay spousal support.
 {¶ 29} In divorce proceedings, after its division and distribution of the parties' marital and separate properties, *Page 9 
the domestic relations court may award reasonable spousal support to either party. In determining whether spousal support is necessary and reasonable, and in determining the amount and duration of spousal support, the court must consider the factors in R.C. 3105.18(C)(1)(a) through (n) that are relevant. When applying those factors, the court must balance the needs of one party against the other's ability to pay.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64.
 {¶ 30} Lemauel was awarded his General Motors pension, which he earned prior to the marriage, as his separate property. However, the income Lemauel currently receives from the pension he was awarded is income the court must consider when deciding whether spousal support is reasonable and appropriate. R.C. 3105.18(C)(1)(a). The court did not err when it did that.
 {¶ 31} The court found that Dora, who was forty-two years of age at the time of the divorce, is a certified phlebotomist and is currently employed in that capacity by a local hospital. She works part-time and earns $12,309 annually. Other than a mild depression, for which she is prescribed medication, Dora is in good health.
 {¶ 32} The court found that Lemauel, who was sixty-one years of age at the time of the divorce, earns $37,092 from *Page 10 
his General Motors and military pensions. He was formerly employed as a teacher, but his contract has not been renewed. Lemauel also now has the responsibility to care for the parties' two children.
 {¶ 33} The parties had been married for eight years when the decree of divorce was entered. Prior to their marriage, they lived together for several years.
 {¶ 34} R.C. 3119.01(C)(11)(a) authorizes a court to impute income to a parent whom the court finds is voluntarily underemployed, for purposes of calculating child support. R.C. 3105.18 contains no like provision applicable to spousal support, but we have held that, upon the same finding, income may be imputed to either spouse in determining whether spousal support is reasonable and appropriate. Petrusch v. Petrusch
(March 7, 1997), Montgomery App. No. 15960.
 {¶ 35} Lemauel argues that Dora could earn a greater income, and therefore she is voluntarily underemployed. However, if she is, the trial court implicitly addressed that question when it limited its spousal support order to a term of thirty-two months, providing Dora an incentive to obtain other employment that pays her the income she needs.
 {¶ 36} The court also retained jurisdiction to modify its spousal support order. If Dora does obtain the needed *Page 11 
employment within the thirty-two month term of the support order, Lemauel may move to modify the order for a change of circumstances. R.C.3105.18(F). If Dora does not obtain the employment she needs, it will be her burden to convince the court that support should continue.Id. On this record, that burden should be difficult to meet.
 {¶ 37} No abuse of discretion is demonstrated. The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR {¶ 38} "THE TRIAL COURT ERRED IN ORDERING LEMAUEL BOOKER TO PAY DORA BOOKER'S ATTORNEY FEES."
 {¶ 39} R.C. 3105.73(A) provides:
 {¶ 40} "In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."
 {¶ 41} In its Decision of June 16, 2006 (Case No. 21752, Dkt 60), the trial court stated: *Page 12 
 {¶ 42} "The Plaintiff seeks an award of attorney fees in this matter. Dora testified she has an attorney fee in this matter owed to her first attorney, Attorney Williams, in the amount of $1,500.00. The entire bill was $4,000.00 and she has paid $2,500.00. Lemauel did not present any testimony contrary to this request.
 {¶ 43} "The Court finds in view of the parties' income and conduct during this matter that is reasonable and necessary to award Dora Booker an attorney fee award. The Court hereby awards Dora Booker $2,480.00 in attorney fees. Said award represents 62% of the total bill. Lemauel shall pay said attorney fee award within 60 days of the filing of the Final Decree of Divorce in this matter."
 {¶ 44} Lemauel argues that the court abused its discretion because (1) Dora is gainfully employed and can pay her own attorney's fees and (2) she likely withdrew $500 from their joint account that can be applied to pay her attorney's bill.
 {¶ 45} We pointed out the standard of review on abuse of discretion claims. AAA Enterprises v. River Place Community. We are not persuaded that the court's order lacks any sound reasoning process. Id.
 {¶ 46} The assignment of error is overruled.
 Conclusion *Page 13 {¶ 47} Having overruled the error assigned in both appeals, we will affirm the judgment and decree of divorce from which the appeals were taken.
WOLFF, P.J. And FAIN, J., concur.
[1] For clarity and convenience, the parties are identified by their first names. *Page 1