DECISION AND JUDGMENT ENTRY
{¶ 1} Paul Dantzig appeals the judgment of the Highland County Common Pleas Court, Juvenile Division, dismissing his paternity action for failure to include a necessary party, i.e., the natural mother. Paul alleges that the unnamed mother donated an egg and he donated the sperm that led to the birth of twins from the surrogate mother, Jennifer Biron. Jennifer agrees that she is not the natural mother. Blood tests confirmed Paul and Jennifer's statements. On appeal, Paul contends that we should reverse the judgment of the trial court because his trial counsel provided ineffective assistance. Because Paul has no right to an attorney in a civil case, we disagree. Paul next contends that the trial court erred when it dismissed his complaint without prejudice for failing to join the natural mother as a necessary party. Because R.C.3111.07(A) *Page 2 
requires that Paul join the natural mother and the children as parties, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Paul, as plaintiff, filed a complaint in the juvenile court naming only Jennifer as defendant and alleging that she gave birth to twins in 2005. Paul alleged that he is the biological father and that Jennifer is not the biological mother. Paul stated that Jennifer was only a surrogate mother because his sperm "was combined with anonymous donor eggs and the resulting embryos were transferred to Jennifer[.]" Paul further stated that both he and Jennifer underwent DNA analysis that established that he was the biological father of the twins and that Jennifer was not the biological mother of the twins. He stated that he sought to establish an administrative finding of paternity of the twins, pursuant to R.C. 3111.381, through the Highland County Child Support Enforcement Agency, which denied his request for a finding of paternity.
 {¶ 3} Paul attached his affidavit, along with Jennifer's affidavit, to the complaint confirming the surrogate information alleged in the complaint. He also attached the DNA analysis showing that he was the biological father and Jennifer was not the biological mother.
 {¶ 4} Paul requested a "Judicial Finding of Paternity" and another finding "disestablishing the maternity of Jennifer[,]" which result would require the removal of her name from all birth records and granting him full and permanent custody of the twins.
 {¶ 5} The court set the case for a pre-trial hearing. The court heard sworn testimony from Jennifer and Paul. Their testimony was consistent with the allegations in *Page 3 
the complaint. In addition, they established that Paul was from New York City, the donor of the egg was anonymous but apparently lived in California, and Jennifer resided in Highland County. At the end of the hearing, the court gave the parties thirty days to supply it with authority on why the natural mother should not be included as a party.
 {¶ 6} The court set the case for another pre-trial and only Paul's attorney appeared. Jennifer was not represented by counsel. Paul's attorney could not provide the court with any authority on why the natural mother should not be a party and did not amend the complaint to include the natural mother as a party. A few days later, the court filed an entry dismissing the case without prejudice for failure to join a necessary party.
 {¶ 7} Paul, pro se, appeals the judgment dismissing this cause and raises the following five assignments of error: I. "The plaintiff's [sic] is appealing the decision of Judge Greer due to failure of counsel to provide proper representation and failure to provide the Court with documents necessary for Judge Greer to make a decision directing the State of Ohio to issue a proper birth certificate with the plaintiff as the parent." II. "The failure of the lawyer to provide the Court with paternity tests showing that the plaintiff is [the] parent and the defendant (surrogate) is not the parent and is incorrectly listed as the parent on the birth certificate." III. "The failure of the lawyer to provide the Court with the contract and anonymity agreement of the egg donor, which would show that the egg donor has no future rights of parentage and that the plaintiff's right as the legal parent conforms to Ohio law." IV. "Judge Greer in his ruling sited [sic] Ohio Revised Code3111.07 but this is not applicable in this case. That code refers to child support and has no reference to legal guardianship or to birth certificates." And, V. *Page 4 
"The failure of the lawyer to explain to Judge Greer that the children need a birth certificate for school and other social and medical functions and that withholding the birth certificate with the Father (plaintiff) as the legal guardian is [a] detriment and harm to the children. Wherefore, the plaintiff requests that the court overturn the order of Judge Greer and direct the State of Ohio to issue a revised birth certificate with the plaintiff (Father) as the sole and legal guardian of [P.L.D.] and [P.G.D.]."
 II. {¶ 8} Paul contends in his first, second, third, and fifth assignments of error that his counsel in the trial court provided ineffective assistance by failing to do numerous things. Therefore, Paul asks this court to reverse the trial court's judgment and direct the State of Ohio to issue a revised birth certificate.
 {¶ 9} The Sixth Amendment to the United States Constitution provides a criminal defendant with the right to the affective assistance of counsel. In re Estate of Perry, Scioto App. No. 04CA2972,2005-Ohio-3462, ¶ 6. However, a party in a civil action has no generalized right to counsel. Id. A reversal based upon the ineffective assistance of counsel does not exist when there is no right to counsel. Id. at ¶ 7. In a civil action, a party needs to resolve a complaint of the ineffective assistance of counsel by a malpractice action. Id.
 {¶ 10} Based upon the foregoing, we find that Paul had no right to counsel. Therefore, he is not entitled to reversal based upon his allegations of ineffective assistance of counsel.
 {¶ 11} Accordingly, we overrule his first, second, third, and fifth assignments of error. *Page 5 
 III. {¶ 12} Paul contends in his fourth assignment of error that the trial court erred when it based its dismissal of his cause of action on R.C.3111.07. The trial court in essence found that it lacked jurisdiction to hear the case because Paul failed to join a necessary party as required by R.C. 3111.07(A).
 {¶ 13} A court possesses initial authority to determine its own jurisdiction over the parties and the subject matter absent a patent and unambiguous lack of jurisdiction. State ex rel. Enyart v. O'Neill
(1995), 71 Ohio St.3d 655, 656. The existence of the trial court's jurisdiction is a question of law that we review de novo. State v.Moore, Highland App. No. 03CA18, 2004-Ohio-3977, ¶ 8, citing Burns v.Daily (1996), 114 Ohio App.3d 693, 701. Therefore, we grant no deference to the trial court's conclusion. Id.
 {¶ 14} In a paternity action brought under R.C. Chapter 3111, a plaintiff must name as parties to the action those persons deemed necessary by statute. R.C. 3111.07(A) provides that: "[t]he natural mother, each man presumed to be the father under section 3111.03 of the Revised Code, and each man alleged to be the natural father shall be made parties to the action brought pursuant to sections 3111.01 to3111.18 of the Revised Code or, if not subject to the jurisdiction of the court, shall be given notice of the action pursuant to the Rules of Civil Procedure and shall be given an opportunity to be heard. The child support enforcement agency of the county in which the action is brought also shall be given notice of the action pursuant to the Rules of Civil Procedure and shall be given an opportunity to be heard. The court may align the parties. The child shall be made a party to the action unless a party shows good cause for not doing *Page 6 
so. Separate counsel shall be appointed for the child if the court finds that the child's interests conflict with those of the mother."
 {¶ 15} "[W]here jurisdiction of the subject matter exists, but a statute has prescribed the mode and particular limits within which it may be exercised, a court must exercise jurisdiction in accordance with the statutory requirements; otherwise, although the proceedings are within the general subject-matter jurisdiction of the court, any judgment rendered is void because the statutory conditions for the exercise of jurisdiction have not been met." Ohio Jurisprudence 3d (2003), Courts and Judges, Section 243, citing State ex rel. Parsons v.Bushong (1945), 92 Ohio App. 101. An order issued without jurisdiction is a nullity — it is void and without legal effect. Patton v.Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. Ohio courts possess the inherent authority to vacate a void judgment. Id. at paragraph four of the syllabus.
 {¶ 16} Here, Paul brought his action under R.C. 3111.01 to R.C.3111.18. Therefore, the juvenile court has original subject-matter jurisdiction to consider this action. R.C. 2151.23.
 {¶ 17} The court held a pre-trial hearing pursuant to R.C. 3111.11. The court heard the testimony of Paul and Jennifer. Their testimony was consistent with their affidavits and the DNA analysis attached to Paul's complaint. At the end of the pre-trial, the court gave the parties thirty days to provide the court with authority as to why the natural mother was not a necessary party. (The record is not clear as to why the court did not require authority as to why the twins should not be named as parties, or to show "good *Page 7 
cause for not doing so[,]" as required by R.C. 3111.07). Paul failed to provide the authority and failed to amend his complaint to include the proper parties.
 {¶ 18} Therefore, based on these facts, we find that Paul did not comply with R.C. 3111.07(A). Consequently, the trial court did not err when it dismissed Paul's action for failure to join a necessary party.
 {¶ 19} Accordingly, we overrule Paul's fourth assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and McFarland, J.: Concur in Judgment Only. *Page 1