OPINION
{¶ 1} Michael L. Calhoun appeals from the trial court's decision and entry finding him in contempt for failure to comply with a seek-work order. *Page 2 
 {¶ 2} Michael advances two assignments of error on appeal.[1] First, he contends the trial court erred in finding him in contempt where the issue of his non-compliance with the seek-work order was not properly before the court. Second, he asserts that the contempt finding was against the manifest weight of the evidence.
 {¶ 3} The record reflects that Michael and his former wife, appellee Nancy Calhoun, obtained a final judgment and decree of divorce in June 1998. The parties also entered into a shared parenting plan that obligated Michael to pay child support for each of their children. The trial court subsequently terminated shared parenting in August 1999, named Nancy the residential parent, and continued Michael's child support obligation. At that time, Michael was employed with the Ohio State Lottery Commission. Thereafter, the trial court sustained an August 2003 joint motion in which the parties noted that Michael had been fired effective November 2001 and requested a deferral of his child support arrearage until he could find a new job. The motion included a representation by Michael that he "is making an effort to gain employment[.]" (Doc. #110-111).
 {¶ 4} Nearly one year later, the trial court filed a July 2004 agreed order in which it computed a child support arrearage of $36,000 and directed Michael to use his "best efforts" to obtain employment within ninety days. (Doc. #118). Along with the agreed order, the trial court filed a formal seek-work order on July 28, 2004. (Doc. #119). Thereafter, the parties stipulated to an agreement set forth in a November 22, 2005 filing. The filing acknowledged Michael's child support obligation and an existing *Page 3 
arrearage of $46,235.61. The filing also included an agreement by Michael that the seek-work order would remain in effect and that he would "file for disability and seek work." (Doc. #157).
 {¶ 5} In February 2006, Nancy filed a motion for a court order directing Michael to show cause "why he should not be found in contempt for violating the previous orders of this court as they relate to child support." A memorandum in support of the motion alleged that Michael had failed to pay support and failed to seek work as previously ordered. (Doc. #174). By agreement of the parties, the trial court postponed a hearing on the motion until May 8, 2006, and Michael promised to make a $750 payment toward his arrearage and to commence support payments of $122.40 per month. (Doc. #177).
 {¶ 6} Following the May 8, 2006 hearing, a magistrate filed a May 30, 2006 decision in which she declined to find Michael in contempt for non-payment of child support. The magistrate found that Michael had been unemployed since November 2001 and that his father had been making the payments required by the most recent agreement. The magistrate also noted Michael's testimony that he had been diagnosed with attention deficit disorder ("ADD") and depression. The magistrate's ruling did not address Michael's non-compliance with the seek-work order. (Doc. #185).
 {¶ 7} Nancy filed objections to the magistrate's ruling. She asserted, inter alia, that the magistrate had erred in finding no contempt for non-payment of support and in failing to address Michael's alleged contempt for non-compliance with the seek-work order. (Doc. #197). Upon review, the trial court rejected Nancy's argument regarding non-payment of child support. The trial court noted that Michael had paid $750 toward his arrearage and had started paying $122.40 per month as required by the parties' *Page 4 
most recent agreement. The trial court then found that the magistrate should have addressed the issue of Michael's non-compliance with the seek-work order because Nancy's February 2006 motion raised it. Addressing the merits of that issue, the trial court stated:
 {¶ 8} "Defendant's response focuses on his alleged illnesses and diseases as reasons for his failure to comply with the seek work order since November 17, 2001. The court finds this argument and testimony unpersuasive. The defendant has failed to document his inability to hold some manner of employment or his efforts to find employment.
 {¶ 9} "While it is not clear to the court as to why an evidentiary hearing was needed after the filing of the agreed entry, defendant's violation of the seek work order should have been addressed in either the magistrate's decision or the previous agreed entry. Therefore, plaintiff's second objection is found well taken. * * * Upon review of the transcript, the court finds that defendant has failed to substantially comply with the seek work order filed July 28, 2004 as well as the pertinent provisions contained in the magistrate decision filed November 22, 2005, and finds defendant in contempt of court." (Doc. #199 at 4-5).
 {¶ 10} In his first assignment of error, Michael contends Nancy's February 2006 show cause motion did not put him on notice that she sought to hold him in contempt for non-compliance with the seek-work order. As a result, he claims his failure to comply with the seek-work order was not properly before the trial court as grounds for a contempt finding.
 {¶ 11} Michael's argument lacks merit. In her motion, Nancy requested an order *Page 5 
directing him to show cause "why he should not be found in contempt for violating the previous orders of this court as they relate to child support." Her accompanying memorandum specifically alleged that Michael had failed to pay support and had failed to seek work as ordered. Nancy's motion adequately raised his non-compliance with the seek-work order as grounds for a contempt finding. Additionally, in response to Nancy's motion the trial court filed an order directing Michael to appear and show cause "why he should not be held in contempt for failing to comply with the Court's child support Orders and Magistrate's Decision and Permanent Order of November 22, 2005." The court's prior child support orders and the referenced magistrate's decision included a seek-work obligation. Reading Nancy's show cause motion in conjunction with the trial court's show cause order, Michael plainly had notice that his failure to seek work was being asserted as grounds for a contempt finding. Therefore, the issue was properly before the trial court. Michael's first assignment of error is overruled.
 {¶ 12} In his second assignment of error, Michael contends the trial court's contempt finding based on non-compliance with the seek-work order was against the manifest weight of the evidence. According to Michael, the evidence demonstrated that, given his physical limitations, he was complying with the seek-work order to the best of his ability. In support, he cites his own testimony that he suffers from ADD and depression, that he had gathered employment applications in preparation for applying, and that he was capable of doing no more.
 {¶ 13} A party challenging the weight of the evidence on which a trial court relied must demonstrate that the judgment is contrary to the greater weight of the credible evidence. Williams-Booker v. Booker, Montgomery App. Nos. 21752, 21767, 2007-Ohio-4717, ¶ 10. *Page 6 
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. Upon review, we find competent, credible evidence supporting the trial court's determination that Michael was in contempt for non-compliance with the seek-work order.
 {¶ 14} As noted above, Michael filed an August 2003 joint motion in which he acknowledged losing his job in November 2001 and promised to seek work. Almost one year later, in July 2004, Michael agreed again to use his best efforts to obtain a job within ninety days. On July 28, 2004, the trial court formally ordered him to seek employment. As of November 22, 2004, Michael participated in the filing of a stipulation wherein he promised to seek work. Despite these promises and the existence of the seek-work order, evidence presented at the May 8, 2006 hearing revealed that Michael did almost nothing to find employment. Following the issuance of the seek-work order in July 2004, Michael applied for approximately four jobs a year later in the summer of 2005. (Hearing transcript at 65). Thereafter, from January 1, 2006 to the date of the hearing in May 2006, he collected about a dozen job applications but did not complete any of them. (Id. at 44-45). Despite claiming that he cannot work due to ADD and depression, Michael also never filed for disability as previously ordered by the court. (Id. at 66).
 {¶ 15} For her part, Nancy acknowledged at the hearing that Michael did suffer from ADD and depression. She did not testify, however, that his condition precluded him from working. To the contrary, she noted that he had maintained employment despite *Page 7 
his ADD and depression during their marriage. (Id. at 24). She also declined to attribute all of his employment-related difficulties to ADD and depression. (Id. at 26). Finally, she testified that, based on her observations, Michael's ADD and depression appeared to be affecting him less more recently than they did during the parties' marriage. (Id. at 24).
 {¶ 16} On the other hand, Michael testified that he had experienced ADD and depression for many years. He also stated that he was undergoing counseling and treatment. Michael added, however, that a Dr. Judy Box from the Dublin Counseling Center had refused to assist him in documenting a claim for disability benefits. (Id. at 43-44). Other than his own testimony, Michael presented no evidence to establish that he was incapable of maintaining any employment.
 {¶ 17} As noted above, the trial court found Michael's testimony unconvincing and determined that he had failed to establish his inability to hold a job. The record contains competent, credible evidence upon which the trial could have relied to reach this conclusion. Nancy's testimony supports a finding that Michael is capable of maintaining some type of employment. Additionally, the trial court's rejection of Michael's contrary testimony as "unpersuasive" supports a finding that he is capable of holding a job. The trial court also reasonably may have inferred some ability to work from Michael's failure to seek disability benefits, despite an existing court order that he do so, and from Dr. Box's unexplained refusal to assist him in pursuing such a claim. Finally, the trial court's conclusion is supported by Michael's own act of entering into stipulations and agreements that obligated him to seek work. If his ADD and depression precluded him from maintaining any employment, he should not have approved a July 2004 agreed order that obligated him to use his best efforts to obtain a job within ninety days. Nor *Page 8 
should he have stipulated to an agreement set forth in a November 22, 2005 filing that the seek-work order would remain in effect and that he would "file for disability and seek work." For the foregoing reasons, we cannot say the trial court's contempt finding is against the manifest weight of the evidence. Michael's second assignment of error is overruled.
 {¶ 18} The judgment of the Montgomery County Common Pleas Court, Domestic Relations Division, is affirmed.
FAIN and GRADY, JJ., concur.
[1] For purposes of clarity, we will refer to the parties by their first names. *Page 1