OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Larry Pelfrey, filed September 28, 2007. Pelfrey married Kristy Nel Robb on August 28, 1993, the parties separated in November, 2005, and on May 15, 2006, Robb filed a Complaint for divorce. The marriage produced no children. Robb also filed a Motion for Temporary Orders, in which she requested temporary spousal support. Following a hearing on the issue of temporary spousal support, the Magistrate *Page 2 
denied Robb's request for temporary support. At the parties' final hearing, on August 14, 2007, Robb sought an indefinite award of spousal support. The trial court heard testimony from Pelfrey and Robb, and from the bench it awarded spousal support in the amount of $450.00 a month to Robb for a period of three years, or until Robb's death, remarriage or cohabitation with an unrelated male. The court retained jurisdiction over the spousal support award. The trial court ordered counsel for Robb to prepare a judgment entry consistent with its ruling.
 {¶ 2} Pelfrey filed his brief on February 25, 2008. On April 14, 2008, when Robb did not file a brief in response, a Magistrate's Show Cause Order was issued, ordering Robb to file a brief or show cause in writing as to why the matter should not be submitted to the court on its merits without Robb's brief. On April 23, 2008, Robb, acting pro se, filed a document entitled, "Show Cause in Writing," and we accepted this document as Robb's brief. Pelfrey filed a Reply.
 {¶ 3} Pelfrey asserts two assignments of error which we will consider together. They are as follows:
 {¶ 4} "THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION WHEN IT GRANTED AN AWARD OF SPOUSAL SUPPORT TO APPELLEE * * * THAT WAS INAPPROPRIATE AND UNREASONABLE UNDER R.C. 3105.18(C), AND THE COMMON LAW OF OHIO." And,
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT APPROVED THE JUDGMENT ENTRY AS IT WAS INCONSISTENT WITH ITS DECISION."
 {¶ 6} "Domestic relations courts are granted broad discretion concerning awards of spousal support, and their orders will not be disturbed on appeal absent an abuse of discretion. (Internal citations omitted). `The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' (internal citation *Page 3 
omitted). When applying the abuse of discretion standard of review, we must not substitute our judgment for that of the trial court." Perry v.Perry, Clark App. No. 07-CA-11, 2008-Ohio-1315, at ¶ 5.
 {¶ 7} R.C. 3105.18(C)(1) provides, "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 8} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 9} "(b) The relative earning abilities of the parties;
 {¶ 10} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 11} "(d) The retirement benefits of the parties;
 {¶ 12} "(e) The duration of the marriage;
 {¶ 13} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 14} "(g) The standard of living of the parties established during the marriage;
 {¶ 15} "(h) The relative extent of the education of the parties;
 {¶ 16} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 17} "(i) The contribution to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; *Page 4 
 {¶ 18} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 19} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 20} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 21} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 22} "On review of an alleged abuse of discretion in granting or denying a spouse's request for spousal support, we examine the record to determine whether the court considered each statutory factor which is relevant to the request, although the trial court need not have expressly commented or made a finding with respect to each such factor."
 {¶ 23} Perry, at ¶ 22. When applying the factors, "the court must balance the needs of one party against the other's ability to pay."Williams-Booker v. Williams, Montgomery App. Nos. 21752, 21767,2007-Ohio-4717.
 {¶ 24} Pelfrey argues, "Other than mere lipservice referral to controlling statutory guidelines the record is devoid of rationale for the award of spousal support." According to Pelfrey, Robb could earn a greater income. He further argues that the judgment entry incorrectly lists Robb's debts as marital debts, when they are her separate responsibility. Robb argues that the award should be affirmed.
 {¶ 25} Robb testified that she is 45 years old and she has a bachelor of arts degree in social work from Urbana University. In terms of her physical health, she stated she had a work injury in 1996 to her back that resulted in degenerative disc disease. In terms of her mental health, Robb stated *Page 5 
she has bipolar disorder, obsessive compulsive disorder, post-traumatic stress disorder, and anxiety disorder. She stated that she has been in and out of psychiatric care and mental health care since 1992. According to Robb, her symptoms have worsened in the last four or five years, due to menopause. She is also recovering from drug and alcohol additions. Robb was hospitalized in July of 2007 for 12 days for depression, under a suicide watch. She takes several medications for her mental health problems. She testified that she has difficulty keeping a job, particularly in the field of social work, because she often misses work due to her mental health issues.
 {¶ 26} Robb was unemployed at the time of the final hearing and receiving unemployment compensation in the amount of $181.00 a week, having lost her job at an apartment complex where her annual gross salary had been $18,586.58 a year. She also received free monthly rent at the complex in the amount of $575.00. Robb stated her previous employer was "lenient" about her absences, and that she lost her job when the complex changed owners. Robb stated she is looking for a job. She stated she had not applied for Social Security disability because she was receiving unemployment compensation which was to continue for another two or three months. Robb testified that she worked throughout the marriage. In addition to her unemployment compensation, Robb receives $450.00 from two roommates living in her home. Robb's monthly living expenses, pursuant to her affidavit of financial disclosure, totaled $1719.36. Robb also makes additional installment payments in a total amount of $334.00 a month, servicing premarital student loans to Sallie Mae and Urbana University, tax debts to the Internal Revenue Service and the City of Springfield, and a personal loan from Rose City that Robb obtained, using jewelry as collateral.
 {¶ 27} Pelfrey failed to bring several documents to the hearing pursuant to Robb's subpoena. Pelfrey testified that he is a 56 year old high school graduate. He lives with another woman in Springfield in a house he rents. Pelfrey has hepatitis-C and post-traumatic stress disorder, and these *Page 6 
problems affect his ability to work. He is also a recovering addict. Since 2001, Pelfrey has been receiving disability income from Wright Patterson Air Force base, where he worked in the accounting department. The net amount of his disability income is approximately $928.00 a month. A portion of Pelfrey's disability pay is withheld to service a loan in Pelfrey's name. Pelfrey stated that the disability pay will continue until his doctors release him or until he obtains full time employment. Pelfrey testified that obtaining full time employment is "really what I want to do." Pelfrey also receives seasonal income in the amount of $1300.00 a month from Wittenberg University, where he provides lawn care services. Neither Pelfrey nor Robb is entitled to any retirement benefits.
 {¶ 28} Robb sought an indefinite award of spousal support in the amount of $500.00 a month. In calculating her award, the court determined that Robb's monthly income totaled $1234.33 per month, and that her expenses, not including her premarital and post-separation monthly installment payments to Sallie Mae, Urbana University, the IRS, the City of Springfield and Rose City, totaled $1719.36. The court also determined that Pelfrey's net income is approximately $2200.00 a month, and that his expenses total $1490.00, "thereby yielding him net disposable income * * * of approximately $700 per month." The court noted that disability income is a form of compensation for personal injury, and pursuant to R.C. 3120.5171, separate property. The court went on to note that it is not precluded from considering the disability income "for purposes of establishing equity and, in fact, ordering spousal support if that is appropriate." The court awarded Robb $450.00 a month for three years, determining, "By taking out that $450, in terms of spousal support and awarding it to her, on a monthly basis, that still leaves Mr. Pelfrey the sum of $250 after his reasonable expenses and after the payment of his now created spousal support obligation to be able to live and that doesn't include, by the way, the contributions that he is receiving from his *Page 7 
girlfriend. I did not include that in the numbers that I just went over."
 {¶ 29} The Judgment Entry of Divorce provides, in part, "The Plaintiff shall be responsible for paying the following outstanding marital debts: Sallie Mae Loan in the approximate amount of $37,000.00, Urbana University in the approximate amount of $2000.00, I.R.S. taxes in the approximate amount of $3,000.00, City of Springfield taxes in the approximate amount of $1,300.00 and Rose City in the approximate amount of $500.00."
 {¶ 30} Although Pelfrey asserts that Robb could earn more money, it is clear that the trial court implicitly addressed the issue of her earning capacity when it limited Robb's award to three years, providing an incentive to Robb to find employment that pays her the income she needs. See Williams-Booker (affirming thirty-two month spousal support award following nine year marriage). Importantly, the trial court retained jurisdiction over the issue of spousal support, and Robb's award can be modified if there are substantial changes in the parties' incomes or earning capacities. See, Mir v. Birjandi, Greene App. Nos. 2006 CA 63, 2006 CA 71, 2006 CA 72, 2007-Ohio-6266. Although there was evidence presented that Robb had earned more money in previous years, Pelfrey acknowledged Robb's mental health problems, and the trial court could have reasonably concluded that Robb's ability to earn was diminished. While Pelfrey testified that he would be unable to afford monthly spousal support payments, we note that Pelfrey also testified that he spends $80.00 a week on cigarettes and drinks a twelve pack of Diet Coke every day.
 {¶ 31} While the Entry mistakenly characterizes Robb's debts as marital in contravention of the court's ruling from the bench, the error is harmless because the debts were clearly not included in the calculation of Robb's needs.
 {¶ 32} Having examined the record, we conclude that the trial court considered each statutory factor relevant to Robb's request for spousal support. In determining Pelfrey's support *Page 8 
obligation, the court properly balanced Robb's needs against Pelfrey's ability to pay. There being no abuse of discretion, Pelfrey's assignments of error are overruled. Judgment affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Kristy R. Pelfrey
Ronald R. Boblitt
 Hon. Thomas J. Capper *Page 1