OPINION
{¶ 1} Plaintiff-appellant, Brian K. Fidler, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that found him in contempt for failing to comply with the judgment entry modifying the parties' shared parenting plan. Because competent, credible evidence supports the trial court's judgment finding plaintiff in contempt, we affirm. *Page 2 
 {¶ 2} On August 31, 1994, plaintiff and defendant-appellee, Pamela A. Fidler, filed a petition for dissolution of marriage. The parties had one child, born on January 6, 1993. A Judgment Entry/Decree of Dissolution of Marriage was entered on October 6, 1994; the same day the court approved a Joint Shared Parenting Plan. Not long after that, plaintiff and defendant filed a joint motion on June 13, 1995 seeking to modify the shared parenting plan. The next day an Agreed Judgment Entry was filed incorporating the modification.
 {¶ 3} On August 1, 2005, plaintiff filed a motion seeking to modify the allocation of parental rights and responsibilities for the parties' minor child. The parties ultimately resolved the matter through two handwritten memoranda of agreement filed July 31, 2006. In them, the parties agreed to maintain their existing shared parenting plan with noted exceptions. The exceptions addressed plaintiff's parenting time every other weekend, required all contact between the parties to be by e-mail, required the parties to continue to take the minor child to see Dr. Ellen Kay Douglas until the doctor determined counseling no longer was necessary, required each party to provide the other with a copy of their work and/or school schedule, and prohibited the parties from including the minor child in their communications or using him to pass messages to one another. The handwritten memoranda of agreement were incorporated into an agreed judgment entry filed November 13, 2006.
 {¶ 4} In the interim, on November 3, 2006, defendant filed a motion to hold plaintiff in contempt for failing to abide by the terms of the agreed judgment entry modifying the parties' shared parenting plan. She followed the motion with an amended motion for contempt filed January 29, 2007. The matter was heard before a magistrate of *Page 3 
the trial court on June 22, 2007. The magistrate issued a decision on August 7, 2007, finding plaintiff guilty of contempt for failing to take the minor child to counseling with Dr. Douglas and to his 4-H extracurricular activities. The sentence and fine were to be suspended on condition that plaintiff purge the contempt.
 {¶ 5} According to the decision, plaintiff could purge the contempt by (1) immediately contacting Dr. Douglas's office, making an appointment for the minor child, and continuing to take the child to counseling with Dr. Douglas until Dr. Douglas determined counseling no longer is necessary, (2) taking the minor child to his 4-H activities during plaintiff's parenting time, (3) paying defendant $3,377.69 for attorney fees and expenses by November 30, 2007, and (4) paying any outstanding court costs relating to the contempt motion. The trial court adopted the magistrate's decision the same day and entered judgment accordingly.
 {¶ 6} Plaintiff filed timely objections to the magistrate's decision, sought findings of fact and conclusions of law, and requested the opportunity to supplement his objections after the magistrate issued findings of fact and conclusions of law. Defendant responded with a memorandum contra and a motion for attorney fees and costs. Although plaintiff's request for findings of fact and conclusions of law was denied, plaintiff was permitted to file, and filed, supplemental objections after a change in counsel.
 {¶ 7} In addressing plaintiff's objections, the trial court noted plaintiff objected to that aspect of the magistrate's decision finding him in contempt for failing to transport the parties' minor child to counseling and extracurricular activities during his parenting time. The court further observed that plaintiff objected to the attorney fees assessed against *Page 4 
him in the amount of approximately $3,378, contending they were unwarranted, or alternatively, unreasonable and excessive.
 {¶ 8} The trial court pointed out that plaintiff and defendant each agreed the modified shared parenting plan and agreed entry would bind them in parenting the minor child. Nonetheless, plaintiff admitted he did not consistently take his son to 4-H activities; nor did he take him to counseling with Dr. Douglas during his parenting time. After examining plaintiff's reasons for his actions, the court concluded that "[w]hile Plaintiff claims he followed the [shared parenting plan] and the Agreed Entry to the best of his understanding and ability, a thorough review of the transcript does not satisfactorily reveal to the Court any justification for Plaintiff's repeated failure to transport the minor child to his counseling sessions and 4H activities." (Emphasis sic.) (March 6, 2008 Judgment Entry, 6.) To the contrary, the court noted, "Plaintiff readily admits to failing to fulfill his obligations, while offering no real substantive proof of his inability to fully abide by the terms of the [shared parenting plan] and the Agreed Entry. He simply offers the Court flimsy testimonials as to his personal `understandings.'" Id. Unpersuaded by plaintiff's testimony, the trial court, as had the magistrate, found "Defendant's testimony to be far more credible than that of Plaintiff." Id. The court further concluded the award of attorney fees in the amount of $3,377.69 was reasonable and fully justified. As a result, the trial court overruled plaintiff's objections.
 {¶ 9} Plaintiff appeals, assigning the following errors:
 Assignment of error No. 1
 Appellant and appellee had preexisting agreements pertaining to various extra curricular activities and functions, specifically 4H. *Page 5 
 Assignment of error No. 2
 Minor child has an informal schedule with Dr. Douglas spanning one (1) to four (4) months apart, not a set schedule. Sessions are rotational, meaning appellant and appellee alternate who takes minor child to said appointments. Further, each is required to notify the other as to when the last appointment took place so the other may set the next appointment for the minor child. In addition, although recommended, Dr. Douglas has never actually stated the minor child is required to attend any appointments.
 Assignment of error No. 3
 Council consistently failed to question statement, merit, and credibility pertaining to numerous statements made by both opposing council [sic] and Mrs. Rhodeback, he also failed to file requested motions, and intentionally withheld time sensitive information.
 Assignment of error No. 4
 The motion of contempt is not supported by sufficient evidence and is against the manifest weight of the evidence.
 {¶ 10} Contempt results when a party before a court disregards or disobeys an order or command of judicial authority. First Bank ofMarietta v. Mascrete, Inc. (1998), 125 Ohio App.3d 257, 263. Contempt of court may also involve an act or omission substantially disrupting the judicial process in a particular case. In re Davis (1991),77 Ohio App.3d 257, 262. The law surrounding contempt was created to uphold and ensure the effective administration of justice, secure the dignity of the court, and affirm the supremacy of law. Cramer v. Petrie (1994),70 Ohio St.3d 131, 133.
 {¶ 11} Contempt has been classified as either direct or indirect.In re McGinty (1986), 30 Ohio App.3d 219, 223. Direct contempt occurs in the presence of the court in its judicial function. R.C. 2705.01. Indirect contempt involves behavior that occurs outside *Page 6 
the presence of the court and demonstrates a lack of respect for the court or its lawful orders. State v. Drake (1991), 73 Ohio App.3d 640,643. The distinction between civil and criminal contempt depends upon the character and purpose of the punishment imposed. State ex rel.Johnson v. Perry Cty. Court (1986), 25 Ohio St.3d 53, 55, superseded on other grounds. Civil contempt is remedial or coercive in nature and will be imposed to benefit the complainant. Pugh v. Pugh (1984),15 Ohio St.3d 136, 139. Normally, contempt proceedings in domestic relations matters are civil in nature because their purpose is to coerce or encourage future compliance with the court's orders. Turner v.Turner (May 18, 1999), Franklin App. No. 98AP-999, citing Smith v.Smith (1980), 70 Ohio App.2d 87, 89. Impossibility of compliance is an affirmative defense for which the alleged contemnor has the burden of proof. Olmsted Twp. v. Riolo (1988), 49 Ohio App.3d 114, 117, citingSmedley v. State (1916), 95 Ohio St. 141, 142-143.
 {¶ 12} When reviewing a finding of contempt, including a trial court's imposition of penalties, an appellate court applies an abuse of discretion standard. In re Contempt of Morris (1996),110 Ohio App.3d 475, 479, citing Dozer v. Dozer (1993), 88 Ohio App.3d 296; Arthur Young Co. v. Kelly (1990), 68 Ohio App.3d 287, 294. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
I. First, Second and Fourth Assignments of Error {¶ 13} Because plaintiff's first, second and fourth assignments of error are interrelated, we address them jointly. In essence, they assert the trial court's judgment is against the manifest weight of the evidence. *Page 7 
 {¶ 14} "A party challenging the weight of the evidence on which a trial court relied must demonstrate that the judgment is contrary to the greater weight of the credible evidence." Calhoun v. Calhoun, Montgomery App. No. 21923, 2008-Ohio-405, at ¶ 13, citing Williams-Booker v.Booker, Montgomery App. No. 21752, 2007-Ohio-4717, at ¶ 10. "The standard of proof in a civil contempt proceeding is by clear and convincing evidence." Jarvis v. Bright, Richland App. No. 07CA72,2008-Ohio-2974 at ¶ 19, citing Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250. "The determination of `clear and convincing evidence' is within the discretion of the trier of fact. We will not disturb the trial court's decision as against the manifest weight of the evidence if the decision is supported by some competent, credible evidence" supporting the movant's burden of proof. Id., citing C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279. As the court explained inState v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 24, citingSeasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80, "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not."
 {¶ 15} Here, in support of his assignments of error, plaintiff points to his own testimony concerning the circumstances giving rise to the finding of contempt. In doing so, plaintiff ignores the testimony of defendant. Defendant testified plaintiff failed to take the minor child to 4-H activities and stopped taking the child to Dr. Douglas. While plaintiff unquestionably testified to circumstances and reasons for his delay or failure to comply with the terms of the modified shared parenting plan and agreed judgment entry, the trial *Page 8 
court unequivocally stated that it found defendant's testimony to be more credible than that of plaintiff. In view of the conflicting testimony and the court's credibility determination, plaintiff's appeal presents no basis for reversing the trial court's determination. Because competent, credible evidence supports the trial court's judgment, plaintiff's contentions to the contrary are unpersuasive. Accordingly, we overrule plaintiff's first, second, and fourth assignments of error.
II. Third Assignment of Error {¶ 16} Plaintiff's third assignment of error challenges his own counsel's performance, contending counsel failed to pursue appropriate cross-examination and to present available testimony in support of plaintiff's position. Plaintiff's contentions superimpose issues of effective assistance of counsel in a civil context where the constitutional protections afforded in criminal proceedings have not been incorporated. See Dantzig v. Biron, Highland App. No. 07CA1,2008-Ohio-209 (disagreeing with appellant's contention that the civil judgment should be reversed because his trial counsel provided ineffective assistance, as appellant had no right to an attorney in a civil case); Marshall v. Scalf, Cuyahoga App. No. 88708, 2007-Ohio-3667, at ¶ 26 (concluding "a litigant in a civil proceeding may not attack an adverse judgment on the grounds of ineffective assistance of trial counsel"). Even if plaintiff could circumvent the potential substantive deficiencies in his assigned error, the record reveals that plaintiff procedurally waived any error.
 {¶ 17} According to Civ. R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by *Page 9 
Civ. R. 53(D)(4)(e)(i)." Plaintiff filed timely objections, and pursuant to the court's leave, he filed a supplement to the objections. In neither instance did plaintiff object to the performance of his attorney; nor did he suggest in any way that counsel's performance was less than competent. In failing to object, plaintiff waived any error. Civ. R. 53(D)(3)(b)(iv) (stating that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53[D][3][a][ii], unless the party has objected to that finding or conclusion as required by Civ. R. 53[D][3][b]"). As a result, even if plaintiff's claim of ineffective assistance of counsel had substantive support, the record fails to demonstrate plain error, rendering plaintiff's assertions unpersuasive. Plaintiff's third assignment of error is overruled.
 {¶ 18} Having overruled each of plaintiff's four assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
 FRENCH and GREY, JJ., concur.
GREY, J., retired, of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1