DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Nathanial McHaney, appeals the decision of the Summit County Probate Court appointing Joseph McHaney as guardian of his mother, Willie Mae McHaney. We reverse and remand.
 {¶ 2} In June 2001, Willie Mae McHaney executed a durable power of attorney nominating her son, Nathanial McHaney, as her attorney in fact and prospective guardian. On May 15, 2003, Appellee, Joseph McHaney (Joseph), applied to be appointed guardian of Willie Mae McHaney's person and estate. A hearing was held before a magistrate on June 23, 2003. The magistrate appointed Joseph guardian on July 14, 2003. Appellant, Nathanial McHaney (Nathanial), objected to the magistrate's decision on July 23, 2003. The Summit County Probate Court heard oral arguments on October 1, 2003. By order, dated March 31, 2004, the Summit County Probate Court affirmed the magistrate's decision appointing Joseph as guardian.
 {¶ 3} Nathanial appeals, raising two assignments of error for our review. Because we find that the first assignment of error is dispositive, we do not decide the remaining assignment of error. See App.R. 12(A)(1)(c).
 ASSIGNMENT OF ERROR I
"The lower court abused its discretion in appointing Joseph McHaney guardian when Nathanial McHaney was nominated guardian in the durable power of attorney."
 {¶ 4} In his first assignment of error, Nathanial maintains that the Probate Court erred in appointing Joseph guardian when Nathanial was previously nominated guardian over Willie Mae McHaney's (Willie Mae) person and estate. We agree.
 {¶ 5} An appellate court reviews the probate court's appointment of a guardian under an abuse of discretion standard. See In re Guardianship of Meyer (Jan. 10, 1996), 9th Dist. No. 17245, at 4. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude on the part of the probate court that is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In this case, we find that the probate court abused its discretion by failing to consider Willie Mae's nomination of her prospective guardian and by failing to dismiss the appointment of Joseph as her guardian.
 {¶ 6} Willie Mae is an 87 year old widow suffering from Alzheimer's disease. It is undisputed that she is unable to care for herself and make financial or medical decisions on her own. Willie Mae has three children; Nathanial, Ernestine Williams, and Joseph. Nathanial and Ernestine both live in Michigan; their brother Joseph lives in Maple Heights, Ohio. Willie Mae currently is in a nursing home in Akron, Ohio.
 {¶ 7} Nathanial has been helping his mother since her husband passed away in 1988. He assisted her in managing her affairs, he paid her bills, both of their names were on her checking and savings account, and her automobiles were titled in his name. Nathanial visited his mother frequently and conferred with her often.
 {¶ 8} In June 2001, Willie Mae executed a durable power of attorney which nominated her son Nathanial as her attorney in fact and prospective guardian. The document was signed by two witnesses and notarized. The power of attorney stated that "[t]his power of attorney shall not be affected by the disability of the GRANTOR or lapse of time. GRANTOR hereby nominates the Attorney in Fact [Nathanial] to be the Guardian of my person and estate."
 {¶ 9} In May of 2003, Joseph applied to be appointed guardian of Willie Mae's person and estate. Since Nathanial lived out of state, he was not sent notice of the guardianship hearing. As a result, the existence of the durable power of attorney was never made known to the court. The magistrate appointed Joseph guardian on July 14, 2003.
 {¶ 10} Upon discovering that Joseph had been appointed guardian over his mother, Nathanial objected. He asked the court to allow him to continue to handle Willie Mae's affairs or, in the alternative, to set aside Joseph's appointment as guardian. The court overruled Nathanial's objections and reinforced Joseph's status as guardian.
 {¶ 11} The lower court incorrectly held that Nathanial, since he lived in Michigan, was not qualified to be Willie Mae's guardian. It stated that "[p]ursuant to R.C. § 2109.21(C), it is a requirement that the guardian be a resident in the State of Ohio." However, the next line in R.C. 2109.21(C) provides that: "a nonresident of the county or of this state may be appointed a guardian if nominated in or pursuant to a durable power of attorney as described in division (D) of section 1337.09 of the Revised Code[.]" Willie Mae executed a durable power of attorney in accordance with all of the statutorily required formalities; i.e. it was written, signed, witnessed by two witnesses and notarized.
 {¶ 12} R.C. 2111.121(B) provides:
"If a person has nominated, in writing * * * or in a durable power of attorney * * * another person to be the guardian of the nominator's person, estate, or both, and proceedings for the appointment of a guardian for the person are commenced at a later time, the court involved shall appoint the person nominated as guardian in the writing or durable power of attorney most recently executed if the person nominated is competent, suitable, and willing to accept the appointment."
In the durable power of attorney, Willie Mae nominated her son Nathanial to be her prospective guardian. "Such nomination requires the appointment of the nominee by the probate court if the nominee is competent, suitable, and willing to accept the appointment." In re Guardianship of Hafner (Nov. 24, 1993), 9th Dist. No. 16073, at 1-2.
 {¶ 13} In Hafner, this court upheld the probate court's decision denying the appellant's appointment as the appellee's guardian. In Hafner, the appellee nominated the appellant as her guardian in a durable power of attorney. The probate court denied the appointment based on evidence that the appellant was unsuitable. In that case, substantial evidence was introduced showing that the appellant had physically injured the appellee and was often rough with her. In this case, there is no claim that Nathanial was incompetent in his duties; he has been taking care of his mother since 1988. He visits her often, and has been managing her affairs in a conscientious manner. Under the reasoning of Hafner and R.C. 2111.121(B) and 2109.21(C), the probate court erred in failing to dismiss the guardianship appointment of Joseph and in failing to consider Willie Mae's nominated guardian.
 {¶ 14} A "probate court must consider a ward's written nomination in a durable power of attorney under R.C. 1337.09 of who she wants to serve as [her] guardian." In re Guardianship ofFriend (Dec. 16, 1993), 8th Dist. No. 64018. In fact, unless the ward's nominated guardian is shown to be incompetent, unsuitable or unwilling to accept the appointment, "it is an abuse of discretion for the probate court not to appoint the person nominated by the ward to serve as guardian." Id.
 {¶ 15} We find that the probate court abused its discretion in failing to dismiss the guardianship appointment of Joseph and in failing to consider Willie Mae's durable power of attorney in which she nominates Nathanial as her prospective guardian. Appellant's first assignment of error is sustained.
 {¶ 16} We sustain Appellant's first assignment of error, reverse the decision of the Summit County Probate Court, and remand for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J., Batchelder, J., Concur.