DECISION AND JUDGMENT ENTRY
{¶ 1} Jane Branson appeals the probate court's dismissal of her application to be appointed as guardian of the estate and person of Mollie Florkey, her mother. On appeal, Branson contends that the trial court erred in dismissing her application and appointing her brother, James Malott, as guardian of Florkey's person and estate. Because Florkey nominated Malott as guardian of her person and estate in a durable power of attorney, and because Malott is competent, suitable, and willing to accept the appointment, we disagree. Branson next contends that she was denied the effective assistance of counsel. Because Branson had no right to counsel in this civil proceeding, we disagree. Finally, Branson contends that Florkey was denied the right to the effective assistance of counsel and other rights. Because Branson's interests are not clearly aligned with Florkey's interests, we find that she has no standing to assert such error on appeal. Accordingly, we affirm the judgment of the trial court. *Page 2 
 I. {¶ 2} In 2007, Branson filed an application in the Highland County Common Pleas Court, Probate Division, to be appointed as the medical and residential guardian of Mollie Florkey. Branson is one of Florkey's four children. Branson alleged that Florkey suffered from dementia, Alzheimers, and a number of other physical conditions.
 {¶ 3} Counsel for Malott entered an appearance in the matter and requested a continuance of the hearing on the guardianship application. In the motion, Malott gave notice to the court that he would contest the guardianship application, that he was Florkey's power of attorney, and that he was specifically designated by Florkey to be guardian should the need for a guardian become necessary. Malott attached copies of: (1) a durable power of attorney executed by Florkey designating Malott as Florkey's attorney-in-fact for health care purposes; (2) a living will; and (3) a durable power of attorney for the conveyance of Florkey's real estate, which specifically provided: "This power of attorney shall not be affected by disability of the principal or lapse of time. IN THE EVENT THAT [IT] SHOULD BECOME NECESSARY FOR A GUARDIANSHIP OF MY PERSON AND OR MY ESTATE, I REQUEST THAT THE PROBATE COURT APPOINT MY ATTORNEY IN FACT, JAMES D. MALOTT, AS SUCH GUARDIAN WITHOUT BOND." The real estate power of attorney was recorded in the county recorder's office.
 {¶ 4} Branson moved for the appointment of a guardian ad litem for Florkey. The court appointed an attorney for Florkey. Branson later retained counsel on her own behalf. *Page 3 
 {¶ 5} Florkey's attorney later filed a report with the court indicating that Florkey "made it very clear that she did not want her son [Malott] to have guardianship * * *."[1] Branson moved to add Malott as a party to the action.
 {¶ 6} At the beginning of the hearing, Florkey's attorney informed the court that Florkey had changed her position with regard to guardianship. Florkey apparently did not want Branson to be named as her guardian. Instead, she wanted to maintain the "status quo," i.e., she wanted no guardian appointed. Nevertheless, Florkey's attorney requested that the court respect her original wishes as set forth in her power of attorney, i.e., Malott be named guardian of her person and estate.
 {¶ 7} During the hearing, the parties specifically litigated the suitability of Malott to
be guardian for Florkey. Following the hearing, the court granted Branson's motion to add Malott as a party to the action and then denied and dismissed Branson's application. The court further found that Malott was competent, suitable, and willing to accept the appointment as guardian, and as a result, R.C. 2111.121(B) required the appointment of Malott as Florkey's guardian.
 {¶ 8} Branson, appearing pro se, appeals and asserts the following assignments of error: (1) "[The] Trial court erred in Guardianship of Ward"; (2) "[The] Wards [sic] Rights were violated according to OHIO LEGAL RIGHTS FOR THE ELDERLY"; and (3) "[The] Trial Court did not review and investigate all evidence." However, it should be noted *Page 4 
that Branson's arguments do not necessarily follow these assignments of error. But, in the interests of justice, we will address the primary arguments made in Branson's brief.
 II. {¶ 9} Branson contends that the trial court erred when it appointed Malott as guardian of Florkey, when Malott did not file an application for appointment as guardian before the court's determination. Branson claims that she was more qualified to care for Florkey and more qualified to act as her guardian because she had cared for Florkey for approximately four years. In further support of her argument, Branson points to a number of evidentiary materials not admitted or otherwise not considered by the court in determining whether she was more qualified than Malott to act as Florkey's guardian.
 {¶ 10} Malott, on the other hand, argues that, because Florkey nominated him as the prospective guardian of her person and estate in a durable power of attorney, the trial court had to appoint him, as a matter of law, as Florkey's guardian, providing the court found him competent, suitable, and willing to accept such appointment.
 {¶ 11} Probate courts have broad discretion in appointing guardians under R.C. 2111.02(A) and their decisions will not be reversed absent a showing of an abuse of that discretion. In re Hodge, Scioto App. No. 00CA2733, 2001-Ohio-2532 (Citations omitted.)
 {¶ 12} Pursuant to R.C. 2111.121(B): "If a person has nominated * * * in a durable power of attorney as described in division (D) of section 1337.09 of the Revised Code, another person to be the guardian of the nominator's person, estate, or both, and proceedings for the appointment of a guardian for the person are commenced at a later time, the court involved shall appoint the person nominated as guardian in the writing or *Page 5 
durable power of attorney most recently executed if the person nominated is competent, suitable, and willing to accept the appointment." [Emphasis added.][2]
 {¶ 13} Thus, where the ward has nominated a person to be the ward's guardian in a durable power of attorney, "[s]uch nomination requires the appointment of the nominee by the probate court if the nominee is competent, suitable, and willing to accept the appointment." In reGuardianship of McHaney, Summit App. No. 22088, 2004-Ohio-5956, ¶ 12, citing In re Guardianship of Hafner (Nov. 24, 1993), 9th Dist. No. 16073. "In fact, unless the ward's nominated guardian is shown to be incompetent, unsuitable or unwilling to accept the appointment, `it is an abuse of discretion for the probate court not to appoint the person nominated by the ward to serve as guardian.'" Id., citing In reGuardianship of Friend (Dec. 16, 1993), 8th Dist. No. 64018.
 {¶ 14} Here, Florkey's durable power of attorney, signed in 2002, stated: "IN THE EVENT THAT [IT] SHOULD BECOME NECESSARY FOR A GUARDIANSHIP OF MY PERSON AND OR MY ESTATE, I REQUEST THAT THE PROBATE COURT APPOINT MY ATTORNEY IN FACT, JAMES D. MALOTT, AS SUCH GUARDIAN WITHOUT BOND." Thus, the court was required to appoint Malott, absent a showing of incompetence, unsuitability, or unwillingness to accept the appointment. *Page 6 
 {¶ 15} Branson's only argument to the trial court was that Malott was unsuitable (or unqualified) because he allowed Florkey to continue receiving care at her current nursing facility. In Branson's lay opinion, Florkey was not getting appropriate care at the nursing facility.
 {¶ 16} Here, Malott testified, without objection, that Florkey was doing very well in the current nursing facility, and that she was getting appropriate care at the facility. The trial court found Malott's testimony more credible on this point. As the trier of fact, that is its province. As a result, competent, credible evidence supported the trial court's factual finding that Malott was a suitable person to serve as guardian of Florkey's person and estate. Therefore, we find that the trial court did not abuse its discretion.
 {¶ 17} Accordingly, we overrule Branson's arguments on this issue.
 III. {¶ 18} Branson further contends that she was denied the effective assistance of counsel in the proceedings.
 {¶ 19} This court has previously noted that the Sixth Amendment to the United States Constitution provides a criminal defendant the right to assistance of counsel, which includes the right to effective assistance of counsel. In re Estate of Perry, Scioto App. No. 04CA2972,2005-Ohio-3462, ¶ 6, citing Ashton v. Ashton (June 2, 1992), Ross App. No. 1775, citing, e.g., Strickland v. Washington (1984), 466 U.S. 668;McCann v. Richardson (1970), 397 U.S. 759. In contrast, there is no generalized right to counsel in a civil action between individual litigants. State ex rel. Jenkins v. Stern (1987), 33 Ohio St.3d 108. *Page 7 
 {¶ 20} Where there is no right to counsel, there can be no reversal based upon allegations of ineffective assistance of counsel. Perkins v.Breeding (Jun 29, 1995), Franklin App. No. 94APE11-1605. "[A]ny complaint of ineffective assistance of counsel may only be resolved in a malpractice action." Id., quoting Link v. Wabash RR. Co. (1962),370 U.S. 626. Accord, Jackson v. Jeep Corp. (Jan. 14, 1994), Lucas App. No. L-92-382; Guendelsberger v. Ng (Dec. 30, 1993), Hardin App. No. 6-93-4;Caldwell v. Caldwell (Nov. 2, 1992), Montgomery App. No. 13051;Ashton, supra; Garabedian v. Garabedian (Nov. 19, 1990), Butler App. No. CA90-02-037; Myers v. O'Rourke (Apr. 7, 1988), Cuyahoga App. No. 53576.
 {¶ 21} Here, Branson cites no authority giving an applicant for the appointment as guardian the right to counsel. In contrast, R.C. Chapter 2111 only gives the alleged incompetent the right to counsel of his/her choice, or the appointment of counsel at the state's expense if indigent. R.C. 2111.02(C)(7). As a result, her allegations of ineffective assistance of counsel against her attorney are without merit.
 {¶ 22} Accordingly, we overrule Branson's argument on this issue.
 IV. {¶ 23} Branson further contends that Florkey was denied her right to effective counsel. Branson also asserts that the trial court denied Florkey a number of rights, namely, those set forth in R.C. 2111.02(C)(7), Florkey's right to attend the hearing, and her right to testify.
 {¶ 24} R.C. 2111.02(C)(7), provides:
 If the hearing concerns the appointment of a guardian or limited guardian for an alleged incompetent, the alleged incompetent has all of the following rights: *Page 8 
 (a) The right to be represented by independent counsel of his choice;
 (b) The right to have a friend or family member of his choice present;
 (c) The right to have evidence of an independent expert evaluation introduced;
 (d) If the alleged incompetent is indigent, upon his request:
 (i) The right to have counsel and an independent expert evaluator appointed at court expense;
 (ii) If the guardianship, limited guardianship, or standby guardianship decision is appealed, the right to have counsel appointed and necessary transcripts for appeal prepared at court expense.
 {¶ 25} Further, an alleged incompetent "has a right to be present at the hearing, to contest any application for the appointment of a guardian for his or her person, estate, or both, and to be represented by an attorney." 53 Ohio Jur. 3d. Guardian and Ward, Section 51, citing R.C. 2111.04(A)(2)(a)(I).
 {¶ 26} However, Branson is appealing alleged errors committed against Florkey, who is not a party to this appeal. Ohio courts hold that, "[a]n appealing party may complain of an error committed against a non-appealing party when the error is prejudicial to the rights of the appellant." In re Moody, Athens App. No. 00CA5, 00CA6, 2001-Ohio-2494, citing In re Smith (1991), 77 Ohio App.3d 1, 13; see, also, In reB.L., Franklin App. No. 04AP-1108, 2005-Ohio-1151, ¶ 44; In re TiffanyB., Lucas App. No. L-99-1174. Where the appealing party's interests are not aligned with the non-appealing party's interests, the appealing party has no standing to raise such error on appeal. In re B.L., supra. *Page 9 
 {¶ 27} Here, Branson asserts that Florkey's attorney failed to explain Florkey's rights to her. However, Branson points to nothing in the record to support this assertion. Branson further claims that Florkey's attorney failed to represent Florkey's alleged wish to return home from the nursing facility. And she apparently claims that appointing her guardian of Florkey would accomplish Florkey's wish. However, during the hearing on the application, Florkey's attorney informed the court that she did not want her daughter to be her guardian, and in fact, did not want anyone to be her guardian. Because Branson's interests were to have Florkey declared incompetent and be appointed guardian, her interests are not clearly aligned with Florkey's interests.
 {¶ 28} Therefore, we find that Branson does not have standing to assert Florkey's ineffective assistance of counsel claim in this appeal. See In re B.L., supra, ¶ 44.
 {¶ 29} Accordingly, we overrule all of Branson's arguments and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED. Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele. P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Not Participating.
[1] R.C. 1337.05 provides that "[n]o instrument containing a power of attorney for the conveyance, mortgage, or lease of an interest in real property, which has been recorded, will be revoked by any act of the person by whom it was executed, unless the instrument containing such revocation is also recorded in the same office in which the instrument containing the power of attorney was recorded."
[2] R.C. 1337.19(D) provides, "In a durable power of attorney as described in division (A) or (B) of this section, a principal may nominate the attorney in fact or any other person to be the guardian of the principal's person, estate, or both and may nominate the attorney in fact or any other person to be the guardian of the person, the estate, or both of one or more of the principal's minor children, whether born at the time of the execution of the durable power of attorney or afterward. The nomination is for consideration by a court if proceedings for the appointment of a guardian for the principal's person, estate, or both or if proceedings for the appointment of a guardian of the person, the estate, or both of one or more of the principal's minor children are commenced at a later time. The principal may authorize in a power of attorney of that nature the person nominated as guardian or the attorney in fact to nominate a successor guardian for consideration by a court." *Page 1