[Cite as *In re Guardianship of Baker*, 2021-Ohio-3692.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF STEVEN BAKER | : : : : : : : : : : | Appellate Case No. 29145 <br><br> Trial Court Case No. 2019-GRD-314 <br><br> (Appeal from Common Pleas Court – Probate Division) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of October, 2021.

. . . . . . . . . . .

WORRELL A. REID, Atty. Reg. No. 0059620, 7805 North Dixie Drive, Suite A, Dayton, Ohio 45414
    Attorney for Petitioner-Appellant

ELI T. SPERRY, Atty. Reg. No. 0083852, ROBERT H. HOLLENCAMP, Atty. Reg. No. 0084370, ANTHONY V. GRABER, Atty. Reg. No. 0095691, 130 West Second Street, Suite 1500, Dayton, Ohio 45402
    Attorneys for Respondent-Appellee

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Donald Baker, Sr., and Harold Bryant ("Movants") appeal from the June 1, 2021 order of the probate court denying their motion to vacate the probate court's appointment of Eli Sperry, an attorney, as guardian for the person and estate of Steven Baker. We affirm the judgment of the probate court.

**{¶ 2}** On August 13, 2019, Sperry filed an Application for Appointment of Guardian of Alleged Incompetent, pursuant to R.C. 2111.03, representing to the probate court that Steven Baker was "incompetent by reason of (R.C. 2111.01(D)) Dementia." On a form designed to designate next of kin, Sperry listed "Pamela Everhart" at a Dayton address. The court set the matter for a hearing on September 3, 2019, and a notice of the September 3 hearing was sent to Pamela Everhart.

**{¶ 3}** Sperry further filed an Applicant's Report, which stated that Baker had been diagnosed with "Dementia of the Alzheimer type with behavioral disturbances" and that he resided in his own home. The report stated that there were allegations of "[a]buse, neglect, or exploitation of the proposed ward." The report further provided: "Mr. Baker is believed to have been financially exploited by friends/family. Mr. Baker's niece, Pamela Everhart, is his former POA. Ms. Everhart executed a Quit Claim Deed for Mr. Baker's home, transferring the property to herself (using her POA position) and signed for [Baker] as his POA." According to the report, Sperry had been contacted by Adult Protective Services concerning the "dwindling" of Baker's financial reserves "by someone other than himself"; it asserted that Baker was "attempting to stop the exploitation," but he was "limited by his Dementia." The report asserted that an assisted living facility or an extended care facility would be appropriate for Baker.

**{¶ 4}** An affidavit in support filed by Sperry stated that the Dayton Veteran Administration (VA) referred Baker to Adult Protective Services because of concerns about financial exploitation. The affidavit stated that Sperry had personally reviewed Baker's medical records, which were provided by the Dayton VA, but that the Dayton VA took the position that it was not authorized "to prepare and release a statement of expert evaluation" for Baker. The affidavit further stated that Sperry had been unable to procure a statement of expert evaluation to accompany his application to be appointed guardian of the person and estate of Baker.

**{¶ 5}** On August 14, 2019, the court investigator's report on the proposed guardianship was filed. It stated that Baker had a "fair" understanding of the concept of guardianship; that his attitude was "consenting"; that there was no statement of expert evaluation; and that Pamela Everhart, Baker's niece and only listed next of kin, was alleged to have financially exploited Baker.

**{¶ 6}** On September 9, 2019, the magistrate continued the September 3, 2019 hearing until October 31, 2019, noting that Everhart had not been properly served and that Sperry had not received a statement of expert evaluation. The court ordered that notice of the hearing be served upon Everhart by certified mail at her last known address.

**{¶ 7}** On September 11, 2019, a statement of expert evaluation was filed. It stated that Baker had been evaluated on September 4, 2019, at his home by Kara E. A. Marciani, PSy.D.ABPP, a licensed clinical psychologist who was board certified in forensic psychology. The evaluation concluded that Baker "exhibited deficits in memory and executive functioning (e.g. planning, sequencing, abstraction, judgment, and problem solving) that were consistent with diagnosis of Major Neurocognitive Disorder." It further

stated:

> The results of the present evaluation suggest that Steven Baker is no longer able to take proper care of his person or estate. In light of the present findings, it is the undersigned's opinion with reasonable psychological certainty that he needs a guardian of person and estate. The deficits Mr. Baker possesses are expected both to persist indefinitely and worsen as he ages. It is subsequently expected that he will need a guardian for the foreseeable future. Given that Mr. Baker has been the repeated victim of financial exploitation, the appointment of a guardian marks the least restrictive intervention in this case, as Court oversight will be necessary to insure that he is not similarly victimized in the future.

{¶ 8} On November 5, 2019, the magistrate filed an entry which stated that notice of the filing of the action and of the hearing had not been properly served upon Everhart, that the certified mail sent to her had been held for the required period and was being returned to the Court marked unclaimed, and that the hearing would be continued until December 17, 2019.

{¶ 9} On November 15, 2019, Sperry filed a motion to appoint a special process server to perfect service on Everhart; the court granted the motion. On December 11, 2019, Sperry filed an amended next of kin form, which listed Everhart's address as "unknown." On the same day, Sperry informed the court that service could not be made upon Everhart and that he had attempted to find her address by "asking relatives and next of kin" and checking local directories, including "Lexis Nexis People Finder."

{¶ 10} On December 17, 2019, the magistrate conducted a hearing and issued a

decision finding that Baker was incompetent pursuant to R.C. 2111.01(D) and that guardianship of the person and estate was necessary. The magistrate found that Sperry was "a suitable and competent person" and recommended that he be appointed as guardian of the person and estate of Baker. The specific powers conferred were "as described and limited to those powers contained in the Letters of Guardianship issued by this Court." The same day, the probate court issued a judgment adopting the magistrate's decision and appointing Sperry as guardian of Baker's person and estate.

{¶ 11} On March 12, 2020, Sperry filed a notice/application for change of residence, which stated that Baker's home health agency had terminated his services because he required a higher level of supervision and care than it could provide. The court approved the application.

{¶ 12} On June 9, 2020, Sperry filed an application for authority to expend funds, namely a payment of no more than $400 to Cox Media for publication costs related to a land sale in the Montgomery County Probate Court (Case No. 2020 MSC 00119).

{¶ 13} On February 17, 2021, Harold Bryant, pro se, filed a guardianship complaint, asserting that he was Baker's "Durable POA and 1st cousin." On an attached sheet, Bryant asserted that he was "[p]etitioning the court for an Emergency Motion for Temporary Restraining Order to Terminate the private sale" of Baker's home on Rockport Avenue. Bryant argued that the closing was scheduled for Thursday, February 18, 2021, and that that the sale is not in Baker's best interest. According to Bryant, Harold and/or Verna Bryant were granted Baker's power of attorney on June 21, 2018, and Sperry had not honored it. Bryant requested that the guardianship be terminated and a new guardian be appointed. He also alleged that Baker was being physically abused at his

current facility.

{¶ 14} Sperry responded to the complaint on the same day. Sperry asserted that Baker had several health and mental health issues, which required his placement in an extended care facility. He also asserted that he had not been aware of Bryant's power of attorney, and that Baker had "had several Power of Attorneys[;] in fact, his niece used a recorded Power of Attorney to illegally transfer the subject property to herself, which the Guardian was able to have undone."

{¶ 15} On March 5, 2021, Sperry filed a guardian's report stating that Baker was residing at a nursing home; Sperry also filed an annual guardianship plan which stated that Baker's home "should be sold soon" through the land sale action in the probate case to save on the costs of maintaining the property.

{¶ 16} On March 8, 2021, the probate court issued a "Disposition of Guardianship Complaint," stating that it had considered the complaint and found that a hearing was not necessary, and no further action would be taken at that time.

{¶ 17} On April 9, 2021, Sperry filed a motion for an order revoking powers of attorney. The motion stated that Harold Bryant allegedly had an unrecorded financial power of attorney over Baker and was attempting to use the power of attorney to transfer the property that was subject to the land sale action to himself before the anticipated closing date, notwithstanding his knowledge of the land sale action. Thus, Sperry requested an order revoking any powers of attorney over Baker. The magistrate set the motion for a hearing on May 24, 2021. Bryant was served at an address in Duncanville, Texas by certified mail, as evidenced by a return receipt.

{¶ 18} On May 17, 2021, Bryant filed a motion to vacate proceedings and to restore

Baker's "competency and property." The motion asserted that Bryant, as attorney-in-fact, brother, and next-of-kin for Baker, sought to vacate the appointment of a guardian for Baker, because Baker's "next of kin, all of whom [were] residents of Montgomery County, Ohio, when Eli T. Sperry filed for guardianship, were not served with notice as is mandated by law." The motion further asserted that, if Sperry had "engaged in even a cursory search of the public records, including a free Google search, he would have easily discovered that Donald L. Baker, and Carolyn L. Williams were the next of kin of Steven Baker, known to reside in Montgomery County, Ohio." The motion argued that the judgment appointing a guardian was "void or voidable" and should be vacated pursuant to R.C. 2111.47 and/or Civ.R. 60(B)(5).

{¶ 19} The motion further asserted that Bryant had standing to set aside the judgment because he was Baker's attorney-in-fact, and that Donald L. Baker ("Donald") had standing as Baker's next of kin. Movants argued that they had been entitled to notice as mandated by law and that the notice mandated by R.C. 2111.04 was a "condition precedent" to the appointment of a guardian and the issuance of letters of authority. They also asserted that Baker's next of kin, including Donald, had been denied their right to due process, as they were not served with notice of the hearing on the application for the appointment of Sperry as guardian. Movants asserted that the probate court "did not have jurisdiction" and that Sperry had committed "fraud upon the court." Movants argued that they had "a meritorious defense" and had filed their motion within a reasonable time, "since they were not given notice of the hearing in the first place." Finally, they asserted that Donald had only recently received notice that Sperry had been appointed as guardian, by virtue of the land sale proceeding.

{¶ 20} An "Affidavit of Harold Bryant and Donald Baker" was attached to the motion (Exhibit A). The affidavit stated that Susie (Baker) Weaver died on August 15, 2014, that she was survived by Steven Baker, her daughter Carolyn Williams ("Carolyn"), and Donald Baker, and that Steven Baker did not have any children. The affidavit further stated that Donald had lived at a Seven Gables Avenue address in Dayton "continuously, before 1990" and that Carolyn had lived at a Prescott Avenue address in Dayton "continuously, before October 24, 2014."

{¶ 21} The following documents were also attached to the affidavit: Susie Weaver's obituary, documents reflecting Donald's home address on Seven Gables Avenue in Trotwood and Carolyn's address on Prescott Avenue in Dayton, an affidavit of Julia Wingard, Baker's cousin, and a "Statutory Durable Power of Attorney," purportedly signed by Baker.

{¶ 22} The statutory durable power of attorney appointed "Harold Bryant &/or Verna Bryant, * * * resident of 918 Westminster Lane, Duncanville, Texas 75137, as [Baker's] true and lawful Attorney-in-Fact, to act for [him] in any lawful way" with respect to all of the powers initialed on the document. On this document, the initials "SB" appeared next to paragraph (O), which indicated the granting of "[a]ll of the powers listed in (A) through (N)." The document also indicated that the power of attorney granted therein was "not affected by [Baker's] subsequent disability or incapacity." The document was notarized and dated June 21, 2018.

{¶ 23} Julia Wingard's affidavit stated that she was Baker's cousin and that Carolyn Williams and Donald Baker were residents of Dayton, Montgomery County, Ohio, "before and during the time" that Sperry filed his application to become guardian.

According to Wingard, a title search of the 5303 Rockport Avenue property in Dayton, Ohio, "shows that [Baker] initially obtained the title via an Affidavit of Survivorship, filed as File # 2014-00050997," and the certificate of death attached to the affidavit of survivorship "shows the Decedent as Susie Lily Weaver, who died on 8/14/2014 * * *. The Informant's Name was Steven L. Baker, who was listed as the Decedent's son." Wingard averred that the real estate described in the affidavit of survivorship was the same real estate described in the complaint to sell real estate in Case No. 2020 MSC 00119. According to Wingard, the document attached to her affidavit as Exhibit E, the Montgomery County Auditor's Master Tax List, showed "Donald L. Baker, of 5849 7 (Seven) Gables Ave., Dayton, OH 45426, as the owner of the home." Further, the document attached as Exhibit G, the Montgomery County Auditor's Master Tax List, showed "Carolyn L. Williams, of 4072 Prescott Ave., Dayton, OH 45406, as the owner of the home."

{¶ 24} Wingard averred that the Master Tax List showed that Carolyn's title "became fully vested on account of the death of Susie L. Weaver, aka Susie L. Baker." She asserted that a reasonable search for Baker's next of kin should have revealed that Susie L. Weaver was Baker's mother, that Donald was Baker's brother, and that Carolyn was Baker's sister. Wingard averred that Sperry had failed to notify Donald and Carolyn of his application for guardianship.

{¶ 25} On May 19, 2021, Bryant filed a motion to cancel the May 24, 2021 hearing pending a ruling on his motion to vacate proceedings. The court denied Bryant's request to cancel the May 24 hearing, but it converted the hearing to a pretrial conference on Sperry's motion to revoke all powers of attorney.

{¶ 26} On May 28, 2021, Sperry opposed Movants' motion; he asserted that Bryant did not have standing to request the relief sought, that "the letters of appointment in this matter were not improperly issued pursuant to R.C. 2111.47," and that Movants' requests under Civ.R. 60(B) were "untimely and meritless." Sperry argued:

> * * * As sworn to in the Oath of Guardian, the undersigned has, and will continue to, protect Steven's Baker's interests and to make all decisions based on the best interest of Steven Baker. * * * Harold Bryant, as 'attorney-in-fact,' and Donald Baker, now seek to impede this oath, reverting the state of Steven Baker's affairs back to the financial exploitive state that justified the appointment of an emergency and permanent guardian. There is no better evidence of the malicious intent behind movants request than Harold Bryant's attempt to transfer Steven Baker's property to himself the day before the anticipated closing date on the Land Sale Action under 2020 MSC 00119.

{¶ 27} Sperry asserted that he had not been provided a copy of Bryant's power-of-attorney until May 17, 2021. According to Sperry, since Bryant had not asserted any interest beyond his alleged power of attorney (which Sperry had requested that the court revoke), Bryant did not have a right to seek the relief requested, had no personal stake in the outcome of this guardianship, and thus lacked standing. Sperry asserted that, contrary to the Movants' assertion, he (Sperry) "provided proper notice to the next of kin known to reside in this state at the time of the application." Sperry further asserted that, once he learned of the Movants' existence, he provided legal and actual notice to them.

{¶ 28} Sperry asserted that, pursuant to R.C. 2111.04, he had "met his notice

obligations, providing notice to the next of kin known at the time of the application," and it was of no consequence to the validity of his appointment as guardian that he or the court later learned of "different next of kin." For all of these reasons, Sperry asked that Movants' requests for relief pursuant to R.C. 2111.47 be denied.

{¶ 29} Regarding Civ.R. 60(B), Sperry asserted that the probate court should deny movants' motion because they had failed to demonstrate a meritorious defense or entitlement to the relief sought under Civ.R. 60(B)(5), and their request was untimely. Sperry asserted that no meritorious defense existed because he had properly served notice on the next of kin known at the time of the application for guardianship. Sperry further asserted that, on February 8, 2020, he personally met with Donald at Baker's residence and provided legal and actual notice to Donald of the proceedings. Two days later, Sperry also had a telephone conversation with Donald Baker Jr., who was handling his father's (Donald's) affairs and who resided in his home; four days later, Sperry sent him an appointment reminder. The next week, Sperry and Donald discussed Baker's living situation. And with respect to "attorney-in-fact" Bryant, Sperry asserted that he (Sperry) had not been aware of Bryant's existence until just before Bryant "maliciously attempted to steal" Baker's property using an unrecorded power of attorney, the day before the closing on Baker's land sale under 2020 MSC 001119.

{¶ 30} Sperry further asserted that, in addition to proper notice having been served on the next of kin known at the time of the application and appointment, Movants had actual and legal notice of the guardianship "since as early as February 2020," but they waited until May 2021 to file their request for relief from the judgment appointing Sperry as guardian. According to Sperry, in an effort to avoid the untimeliness of their request,

Movants misrepresented to the court that they did not have notice until more recently, despite personally meeting and discussing the guardianship with Sperry on several occasions, and despite receiving notice through the related Land Sale Action no later than March 25, 2020. Sperry asserted that this "blatant misrepresentation" was consistent with the "malicious intent" behind the Movants' motion, which sought to restore Baker to a situation in which he had been financially exploited in the past and to steal his property "under the guise of statutory and civil relief."

{¶ 31} In its June 1, 2021 decision, the probate court noted that the Dayton VA had referred Baker to Adult Protective Services due to allegations of financial exploitation, and after an investigation, Adult Protective Services requested that Sperry apply to become Baker's guardian in order to protect Baker's interests. The court also noted that the next of kin form completed by Sperry provided the name and address of a known niece, Pamela Everhart, who Sperry attempted to serve. The court also cited Dr. Marciani's expert evaluation of Baker. The court further stated:

On March 12, 2020, a Complaint of Guardian for Authority to Sell Real Estate to Benefit Ward was filed in a related case in this Court, namely 2020 MSC 119. Along with said Complaint, Guardian filed Instructions for Service, requesting service be issued by certified mail to now known, Donald Baker, Mr. Baker's brother. Return receipt signed by Donald Baker of such notice was filed in said related case on March 25, 2020.

In addition, as part of said Complaint, on March 12, 2020, Guardian filed a Motion for Service by Publication in said related case, petitioning the Court for an Order authorizing service by publication on "[t]he unknown

persons entitled to the next estate of inheritance from Steven Baker. . ." Said Motion for Service by Publication was granted. Proof of said publication was filed in said related case on July 9, 2020, indicating that notice had been published in the Dayton Daily News three times, with the last day of publication being June 22, 2020.

{¶ 32} Although the Movants had attached a statutory durable power of attorney to their motion to vacate, and that power of attorney designated Bryant as an attorney-in-fact for Baker, the probate court determined that, at the time the next of kin form was filed, service was attempted, and the hearing was held "Mr. Baker's niece, Pamela Everhart, was Mr. Baker's closest known next of kin; Mr. Baker's siblings, Donald Baker and Carolyn Baker, were unknown." Thus, the court found that the R.C. 2111.04(A)(2)(b) notice requirement had been satisfied in this case. The court also found "no fraudulent conduct, nor any neglect of duty or incompetence" warranting Sperry's removal as guardian of Baker's property or estate. Finally, the court found that:

Donald Baker, Mr. Baker's brother and next of kin, had notice and knowledge of the guardianship established in this Case prior to March 25, 2020, as evidenced by the return receipt, signed by Donald Baker, filed in the related 2020 MSC 119 case. Moreover, Donald Baker and Mr. Baker's other next of kin had notice of the guardianship established in this Case in June of 2020, by reason of publication filed in the related 2020 MSC case. Still, Donald Baker and Harold Bryant waited nearly 14 months, or more, after knowledge of said guardianship, to file a motion for relief from the Judgment Entry Appointment of Guardian for Incompetent Person dated

December 17, 2019 in this Case.

Accordingly, the probate court concluded that Movants' Civ.R. 60(B)(5) motion for relief from the judgment appointing a guardian had been untimely, and it denied the motion.

{¶ 33} The Movants appeal, asserting three assignments of error, which we will consider together.   They are as follows:

THE TRIAL COURT'S ENTRY DENYING MOTION TO VACATE PROCEEDINGS AND TO RESTORE WARD'S COMPETENCY AND PROPERTY, WAS CONTRARY TO LAW PURSUANT TO R.C. 2111.47, BECAUSE THE APPLICANT FAILED TO SERVE THE WARD'S NEXT OF KIN WHOM EVERYONE, WITH THE POSSIBLE EXCEPTION OF THE APPLICANT, KNEW TO RESIDE IN MONTGOMERY COUNTY.

THE TRIAL COURT'S ENTRY DENYING MOTION TO VACATE PROCEEDINGS AND TO RESTORE WARD'S COMPETENCY AND PROPERTY WAS CONTRARY TO LAW, AND AN ABUSE OF DISCRETION, AS THE MOVANTS MET ALL THE REQUIREMENTS OF CIV.R. 60(B)(5).

THE TRIAL COURT'S ENTRY DENYING MOTION TO VACATE PROCEEDINGS AND TO RESTORE WARD'S COMPETENCY AND PROPERTY WAS CONTRARY TO LAW, AND AN ABUSE OF DISCRETION, BECAUSE THE MOVANTS' ALLEGED OPERATIVE FACTS WERE OF SUCH HIGH EVIDENTIARY QUALITY THAT THE MOTION SHOULD HAVE BEEN SET OR A HEARING, AND

SUBSEQUENTLY GRANTED.

{¶ 34} Movants argue that the probate court "may have lost sight of the fact that we were in the midst of a global pandemic," noting that the Supreme Court of Ohio had tolled all applicable statutes of limitations to July 30, 2020. Movants point out that on December 16, 2020, the Court then extended the tolling of all applicable statutes of limitations for an additional 90 days, to March 16, 2021. According to Movants, the probate court "acknowledged and was compelled by law to abide by" all of the Supreme Court's orders in this regard.

{¶ 35} Movants further assert that the expiration of the one year period within which to file the Civ.R. 60(B) motion to vacate the entry appointing Sperry as guardian was on March 16, 2022. They reason that the tolling period expired on or about March 16, 2021, and they then had an additional year within which to file their 60(B) motion. Movants also argue that, because the trial court was without jurisdiction to appoint Sperry as guardian, its judgment was "void ab initio" and "impeachable without regard to any time frame."

{¶ 36} In their first assignment of error, Movants assert that a "reasonable search" to ascertain Baker's next of kin would have revealed that Donald L. Baker and Carolyn Williams were his next of kin and that they resided in Montgomery County, Ohio, and that service of next of kin known to reside in Ohio is mandatory. Movants argue that R.C. 2111.04(A) "places a duty upon the probate court to cause written notice of the hearing on the application for appointment to be served on the next of kin," citing *In re Guardianship of Norman Baker*, 5th Dist. Fairfield No. 00065, 2008-Ohio-5079. Movants argue that, pursuant to R.C. 2111.01(E), the probate court must look to R.C. 2105.06 to

determine the next of kin of the proposed ward, and that Pamela Everhart was not Baker's next of kin.

{¶ 37} Movants further argue that the letters of appointment were improperly issued, and the proceedings "should be set aside" pursuant to R.C. 2111.47, which is "designed to prevent individuals from profiting and preying on the elderly and infirm by getting some 'trumped-up' statement of expert evaluation and attaching it to an application for the appointment of a guardian." They assert that they "are quite certain that this is exactly what occurred" in this case, because Baker "is of very sound mind." Movants assert that Baker is "locked up in nursing home" and has been "deprived of his liberty and property without due process."

{¶ 38} Movants assert that their motion was filed in a reasonable time because the judgment entry appointing the guardian was a "nullity." In addition, they point out that R.C. 2111.47 does not have a time frame for setting aside a judgment appointing a guardian. They contend that the probate court's "requirement that a motion filed pursuant to R.C. 2111.47 be filed within a reasonable time, is an impermissible augmentation of the statute." Further, Movants argue that the court's reference to Case No. 2020 MSC 119 "is a bit bizarre"; they argue that, if the proceedings to appoint the guardian were a nullity, the guardian's attempt to sell Baker's land would also be a nullity.

{¶ 39} In their second assignment of error, Movants assert that the probate court's decision was contrary to law and an abuse of discretion, because the Movants met all the requirements of Civ.R. 60(B)(5), including having a meritorious defense, because service of notice pursuant to R.C. 2111.04 was a condition precedent to the appointment of a guardian. Movants also direct our attention to R.C. 2111.03, which addresses an

application to appoint a guardian, and assert that the form of notice used by Sperry to provide notice "was reasonably calculated to reach no one." Movants suggest that Sperry, "being an attorney, * * * committed 'fraud upon the court' by failing to use his skills and training to ascertain the next of kin" of Baker and by submitting of a "false oath" to the court.

{¶ 40} Finally, in their third assignment of error, Movants argue that their affidavits clearly demonstrated that Sperry "failed to conduct a diligent search" to ascertain the names and addresses for Baker's next of kin and that their motion to vacate should have been set for trial, "as the Magistrate promised to do at the hearing held on 5/24/21."[1]

{¶ 41} Sperry responds that Movants have failed to explain their "substantial delay" in contesting his appointment as guardian, "during which the purported 'attorney-in-fact' seemingly ignored his principal." Sperry asserts that, the day before closing on the sale of Baker's property, Bryant attempted to transfer the property to himself with an unrecorded power of attorney, then changed the locks, causing Sperry to incur further expense in maintaining the property and commencing quiet title proceedings, without benefit of the use and enjoyment of the property.

{¶ 42} Sperry directs our attention to *In re Guardianship of Reed*, 10th Dist. Franklin No. 09AP-720, 2010-Ohio-345. He argues that, despite his efforts, he "was unaware of the existence of the [Movants] at the time of the application and appointment." Sperry asserts that Movants argue that he "*should have known* (not knew)" of their existence at the time of the application and appointment, because a Google search would have revealed Baker's next of kin, but Sperry argues that "a Google search for Steven

---

[1] A transcript of the pretrial conference is not part of our file.

Baker does not reveal the results sworn to by Ms. Wingard." Sperry asserts that the probate court considered the evidence presented by Movants, "judged its credibility," reconciled conflicts to the extent that any evidentiary conflicts existed, and found that he (Sperry) had conducted "a reasonable search and notified known next of kin."

{¶ 43} Sperry contends that the probate court did not find Movants' "request for relief under R.C. 2111.04 and R.C. 2111.47 was not brought within a reasonable time, but rather, that their request for relief under Civ.R. 60(B) was untimely."

{¶ 44} As to Movants' second assignment of error, Sperry argues that, in finding that they lacked a meritorious defense and were not entitled to Civ.R. 60(B) relief, the probate court found Movants' statutory notice argument unpersuasive and that they had actual notice as early as March 2020, because they were served by certified mail and publication in the related Land Sale Action in Case No. 2020 MSC 119. It further found their request untimely because they waited 14 months past receiving actual notice to file their Civ.R. 60(B) motion. Sperry asserts that Movants were not entitled to the extraordinary relief provided by Civ.R. 60(B)(5).

{¶ 45} Sperry also contends that he met with Donald on February 18, 2020, "and provided legal and actual notice of the proceedings." He asserts that he was not aware of Bryant's existence "until just before he maliciously attempted to steal Steven Baker's property (the first time)" by using his unrecorded power of attorney the day before the closing in the related land sale action.

{¶ 46} With respect to the Ohio Supreme Court's COVID-19 tolling order, Sperry contends that Movants' assertion that the order negated the untimeliness of their request for relief was not presented in the trial court and therefore has been waived on appeal;

moreover, even assuming the argument was not waived, he argues that it is meritless. According to Sperry, Movants could have filed their motion for relief during the time period that they "managed to unlawfully transfer Steven Baker's property to themselves."

{¶ 47} Finally, regarding Movants' third assignment of error, Sperry argues that Movants were not entitled to an evidentiary hearing. He notes that they failed to provide a transcript of the magistrate's alleged promise to hold a trial on their motion and that this Court must therefore presume the regularity of the proceedings in the probate court. Sperry asserts that Movants' motion rests "in whole, upon their position that next of kin was not properly served notice before the undersigned was appointed as guardian," but that they "failed to demonstrate their entitlement to a hearing."

{¶ 48} In reply, Movants argue that Sperry "received constructive and legal notice" of Baker's next of kin, and it was contrary to law and an abuse of discretion for the trial court to deny Movants' motion, which was filed pursuant to R.C. 2111.47. They further argue that their Civ.R. 60(B) motion was filed in a timely manner in light of COVID-19 and the tolling of time requirements, and this issue was "properly preserved for appeal."

{¶ 49} In a section entitled "Statement of Additional Facts," Movants assert that on Next of Kin Form 15.0, Sperry "did not specify" the name of Baker's deceased sibling, the death of whom caused Pamela Everhart to become his next of kin, "and we now know that she was not the Ward's next of kin at all," because Everhart's mother, Carolyn Williams, "was alive at the time Sperry filed his application." Movants assert that Sperry's statement in his Affidavit Search for Address that he had attempted to find Everhart by "asking relatives and next of kin of the person to be served" was "a lie." Movants also assert that a Google search of "Steven Baker" and the Rockport address revealed that

"one 'Susie Baker' or 'Susie Weaver' had previously lived at this address," and Susie (Baker) Weaver's obituary, which was attached to their motion to vacate, stated that she was survived by her son, Steven Baker. Movants assert that the obituary was a "matter of public record" and thus admissible under the rules of evidence. According to Movants, Sperry was "on notice" of the obituary and thus on notice of Baker's next of kin. Movants assert that *Reed,* 10th Dist. Franklin No. 09AP-720, 2010-Ohio-345, cited by Sperry, is distinguishable.

{¶ 50} Movants assert that Sperry should have been required to "reveal who died" to make Everhart, the person listed on the next of kin form, Baker's next of kin. They also assert that, pursuant to R.C. 2111.01(E), the probate court should have looked to R.C. 2105.06 to determine the next of kin. Movants argue that Sperry filed his Affidavit Search of Address in lieu of the mandatory notice provisions contained in R.C. 2111.04(A)(2), and that the affidavit, as written and signed, was "utterly irrelevant, as it does not state the identity of the Ward's next of kin known to reside in Ohio."

{¶ 51} Movants assert that, pursuant to the definition of "constructive knowledge" in *Black's Dictionary*, Sperry knew that Everhart was not Baker's next of kin and that his siblings, Donald and Carolyn, were his next of kin and resided in Ohio; "[a]fter all, they lived just around the corner." Movants assert that, with proper notice, they would have contested Sperry's Application and would have had the opportunity to supply their own statement of expert evaluation, showing that Baker was competent.

{¶ 52} Finally, Movants argue that they met the requirements of Civ.R. 60(B). They assert that their meritorious defense was that they had not been served with notice of Sperry's application as is required by law, that they were entitled to relief pursuant to

Civ.R. 60(B)(5) in light of Sperry's misconduct in knowingly failing to serve Baker's next of kin in Ohio and representing that they could not be found. According to Movants, Sperry would not have been appointed as guardian by the court if he (Sperry) had "honestly represented" that he did not consult or attempt to serve Baker's next of kin. Finally, Movants assert that the COVID-19 tolling orders gave them an additional one year within which to file a motion pursuant to Civ.R. 60(B)(5), and additionally, a motion filed pursuant to Civ.R.60(B)(5) does not need to be filed within the one year limitation period, but must simply be filed within a reasonable time. According to Movants, the motion was filed within a reasonable time from Donald's discovery of Sperry's application.

{¶ 53} As discussed below, we conclude that the probate court did not abuse its discretion in denying Movants' motion to vacate; Sperry complied with R.C. 2111.04, the letters of appointment were not improperly issued, and Movants lacked a meritorious defense entitling them to relief under Civ. R. 60(B).

{¶ 54} R.C. 2111.02(A) provides: "If found necessary, a probate court on its own motion or on application by any interested party shall appoint * * * a guardian of the person, the estate, or both, of a minor or incompetent, provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement in the county. * * *"

{¶ 55} A probate court's decision regarding the appointment or removal of a guardian will not be reversed absent an abuse of discretion. *Reed,* 10th Dist. Franklin No. 09AP-720, 2010-Ohio-345, at ¶ 8; *In re Guardianship of Keane,* 7th Dist. Carroll No. 19 CA 0934, 2020-Ohio-1105, ¶ 65. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or

unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 56} Pursuant to R.C. 2111.03(D)(3), an application for the appointment of a guardian for an incompetent must contain, among other things, the "[n]ame, degree of kinship, age, and address of the next of kin of the alleged incompetent." R.C. 2111.04, the notice statute, states: "In the appointment of the guardian of an incompetent, notice shall be served as follows: * * * (b) Upon the next of kin of the person for whom appointment is sought who are known to reside in this state." R.C. 2111.04(A)(2).

{¶ 57} Pursuant to R.C. 2111.01(E), " '[n]ext of kin' means any person who would be entitled to inherit from a ward under Chapter 2105. of the Revised Code if the ward dies intestate." R.C. 2105.06, the statute of descent and distribution, determines a proposed ward's next of kin in part as follows:

When a person dies intestate having title or right to any personal property,

or to any real estate or inheritance, in this state, the personal property shall

be distributed * * * in the following course:

* * *

(G) * * * [I]f there is no spouse, no children or their lineal descendants, and

no parent surviving, to the brothers and sisters, whether of the whole or of

the half blood of the intestate, or their lineal descendants, per stirpes * * *.

{¶ 58} R.C. 2111.47 provides:

Upon reasonable notice to the guardian, to the ward, and to the person on

whose application the appointment was made, and upon satisfactory proof

that the necessity for the guardianship no longer exists or that the letters of

appointment were improperly issued, the probate court shall order that the

guardianship of an incompetent terminate and shall make an appropriate entry upon the journal. Thereupon the guardianship shall cease, the accounts of the guardian shall be settled by the court, and the ward shall be restored to the full control of the ward's property as before the appointment. Such entry terminating the guardianship of an incompetent person shall have the same effect as a determination by the court that such person is competent.

**{¶ 59}** In *In re Guardianship of Norman Baker,* 5th District Fairfield No. 07CA00065, 2008-Ohio-5079, ¶ 38, the court determined that R.C. 2111.04 "in unambiguous terms requires service of notice of the hearing upon only (1) the proposed ward and (2) the next of kin determined by application of the statute of descent and distribution."

**{¶ 60}** The following is well-settled:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. These requirements are "independent and in the conjunctive, not the disjunctive." *Id.* at 151, 351 N.E.2d 113.

"Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. Moreover, "[t]he grounds for invoking Civ.R. 60(B)(5) should be substantial." *Id.* at paragraph two of the syllabus. This section of the rule "is only to be used in an extraordinary and unusual case when the interests of justice warran[t] it." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974).

"In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. * * * An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable." *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997), citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 107, 647 N.E.2d 799 (1995). * * *

*Worthington v. Administrator, Bur. of Workers' Comp.*, 2021-Ohio-978, 169 N.E.3d 735, ¶ 17-19 (2d Dist.).

{¶ 61} "If the movant fails to allege operative facts, the trial court may deny the motion without a hearing. Conversely, if grounds for relief under Civ.R. 60(B) are apparent on the face of the record, the trial court may grant Civ.R. 60(B) relief, as a matter of law, without a hearing." *UBS Real Estate Securities, Inc. v. Teague*, 191 Ohio App.3d 189, 2010-Ohio-5634, 945 N.E.2d 573, ¶ 35 (2d Dist.).

{¶ 62}  In *Reed*, 10th Dist. Franklin No. 09AP-720, 2010-Ohio-345, Michael Juhola filed an application to be appointed the guardian of Mary Reed's person, and the probate court appointed him as guardian.  *Id.* at ¶ 3-4.  Reed had resided at the Isabelle Ridgway Care Center in Columbus, Ohio, since February 2007, and her daughter, Virginia Crump, the appellant, resided in Marion, Ohio.  *Id.* at ¶ 2.  Crump filed a motion to set aside the appointment of Juhola because she had not received notice of the application, but a magistrate found that Juhola did not know of Crump as the ward's next of kin residing in this state *at the time he filed his application for guardianship*, and thus had met the applicable notice requirement.  *Id.* at ¶ 5.  Crump's objections were overruled by the probate court.

{¶ 63} Crump argued on appeal that the appointment of the guardian had been contrary to law because Juhola had failed to comply with the notice requirement of R.C. 2111.04(A)(2)(b) by failing to notify her of the application.  *Id.* at ¶ 9.  The opinion discussed the evidence presented as follows:

> [Juhola] testified that he did not notify [Crump] of his guardianship application because he did not know of her existence until April 19, 2008, some four months after he filed the application.  Loyce Scott, social services director at the [Ridgway Care] Center, testified that she gave [Juhola] the next-of-kin information that the Center had at the time [he] sought appointment as guardian.  According to Scott, this information did not include [Crump's] name because the Center was not aware of [her] existence and relationship to the ward until mid-2008, and [Crump's] sister did not provide [Crump's] name as a relative of the ward when the ward was

admitted. Though [Crump] testified on direct examination that [Juhola] should have known of her existence because, when [Juhola] filed the application, [Crump] *was* listed as a next of kin in the Center's records, on cross-examination she volunteered that her first visit with the ward at the Center may not have been until mid-2008, after [Juhola] had been appointed guardian. Lucy Little [another sister] testified that she told the Center about [Crump] at some unspecified time before the ward was admitted.

The trial court made a factual finding that [Juhola] complied with the statutory notice requirement because he did not know of [Crump's] existence as a next of kin residing in this state, nor should he have known. The evidence before the court was conflicting as to whether *the Center* knew of [Crump's] existence at the time [Juhola] filed his application for guardianship. But it was within the trial court's province to judge the credibility of the witnesses and reconcile conflicting testimony. *State ex rel. Petro v. Gold,* 166 Ohio App.3d 371, 850 N.E.2d 1218, 2006-Ohio-943, ¶ 82; *In re Guardianship of Florkey,* 4th Dist. No. 07CA22, 2008-Ohio-4994, ¶ 16.

More importantly, however, the evidence was undisputed that *[Juhola]* did not know of [Crump's] existence until four months after he filed his application for guardianship, despite having checked with the Center, the source most likely, in the circumstances of this case, to possess the needed information. This evidence supports the probate court's finding

that [Juhola] did not know of [Crump] as a next of kin of the ward residing in Ohio. Accordingly, it was well within the trial court's discretion to conclude that [Juhola] had complied with the notice requirement found in R.C. 2111.04(A)(2)(b).

*Id.* at ¶ 10-12.

**{¶ 64}** We similarly conclude that it was well within the probate court's discretion to conclude in this case that Sperry had complied with the notice statute. Sperry identified Everhart as Baker's only known next of kin, and he averred that he was unable to locate Everhart despite multiple efforts. We note that a search of the Montgomery County Auditor's website reflects that, at the time of Sperry's August 2019 application for guardianship, Baker was identified as the seller of the Rockport property, and Pamela Carter-Everhart was identified as the buyer, the conveyance having occurred on February 2, 2016. *See* Montgomery County Auditor website, https://www.mcrealestate.org/forms/htmlframe.aspx?mode=content/home.htm (accessed September 1, 2021).[2]

**{¶ 65}** The probate court found:

To Guardian's knowledge, as demonstrated by Form 15.0 – Next of Kin of Proposed Ward, Amended Form 15.0 – Next of Kin of Proposed Ward, the Notices of Hearing for Appointment to Next of Kin, the Motion to Appoint Special Process Server, and Affidavit Search for Address filed in this Case, *at the time of the hearing* on Guardian's Application for

---

[2] The website further reflects that on September 12, 2019, the month after Sperry's application for guardianship, Pamela Carter-Everhart conveyed the property back to Baker. According to the website, on February 17, 2021, Baker conveyed the property to Bryant, and on June 24, 2021, Bryant conveyed the property to Wingard (all while Sperry was Baker's guardian).

Appointment of Guardian of Alleged Incompetent in this Case, Mr. Baker's niece, Pamela Everhart, was Mr. Baker's closest known next of kin; Mr. Baker's siblings, Donald Baker and Carolyn Baker were unknown.

(Emphasis added)

{¶ 66} Having determined that Sperry complied with the notice statute, the probate court did not err in concluding that Movants had failed to demonstrate that they had a meritorious defense to present, and we agree with this assessment. Since Movants failed to allege operative facts, or facts having any effect, they were not entitled to a hearing on their motion to vacate. Having so concluded, we need not address the parties' timeliness arguments.

{¶ 67} Based upon the foregoing, Movants' assigned errors are overruled.

{¶ 68} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Worrell A. Reid
Eli T. Sperry
Robert H. Hollencamp
Anthony V. Graber
Hon. David D. Brannon